1
2
3
4
5
6
7

**FILED**
CLERK, U.S. DISTRICT COURT

**8/25/2021**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____JB_____ DEPUTY

8          UNITED STATES DISTRICT COURT

9       FOR THE CENTRAL DISTRICT OF CALIFORNIA

10           April 2021 Grand Jury

11  UNITED STATES OF AMERICA,          CR 21-51(A)-RGK

12          Plaintiff,                 F I R S T
                                       S U P E R S E D I N G
13          v.                         I N D I C T M E N T

14  FELIX CISNEROS, JR.,               [18 U.S.C. § 371: Conspiracy to
                                       Commit Bribery of a Public
15          Defendant.                 Official; 18 U.S.C.
                                       §§ 201(b)(2)(A), (C): Bribery of a
16                                     Public Official; 18 U.S.C.
                                       § 1956(a)(1)(B)(i): Money
17                                     Laundering; 26 U.S.C. § 7206(1):
                                       Subscribing to a False Tax Return;
18                                     18 U.S.C. §§ 981(a)(1)(C), 982,
                                       and 28 U.S.C. § 2461(c): Criminal
19                                     Forfeiture]

20          The Grand Jury charges:

21                   INTRODUCTORY ALLEGATIONS

22       At times relevant to this First Superseding Indictment:

23       1.   Defendant FELIX CISNEROS, JR. was a Special Agent of the

24  Department of Homeland Security ("DHS"), Immigration and Customs

25  Enforcement ("ICE")-Homeland Security Investigations ("HSI"), a

26  federal law enforcement agency responsible for, among other things,

27  enforcement of United States immigration laws and other criminal

28

laws.  HSI was an agency within the executive branch of the United States government.

2.   United States Customs and Border Protection ("CBP") was a component of DHS, an agency of the United States, charged with protecting the borders of the United States including, among other things, through the enforcement of United States immigration laws.

3.   As part of its responsibility to enforce United States immigration laws, CBP processed international travelers arriving through Los Angeles International Airport ("LAX") and the border with Mexico, including the San Ysidro port of entry, to ensure they were legally admissible into the United States.  If CBP found that a traveler was legally inadmissible into the United States, it could refuse to admit that traveler into the United States.  CBP had statutory discretion to allow otherwise legally inadmissible individuals physical entry into the United States through a process known as parole.

4.   Parole was a conditional status allowing an inadmissible foreign national entry into the United States for a limited period of time.  A parole letter issued by a law enforcement agent, through his or her supervisory chain, to a Port Director could authorize the admission of an otherwise inadmissible foreign national into the United States to, among other things, aid and assist law enforcement in a criminal investigation.  Special Agents with HSI have a duty to use parole letters only to assist in legitimate criminal investigations.

5.   Defendant CISNEROS became an HSI agent in July 2007 and was responsible for, among other things, investigating narcotics, money laundering, and human trafficking offenses.  Defendant CISNEROS

2

worked for CBP as a border patrol agent from 1996 to 2007.  Defendant CISNEROS also had extensive experience acting as an undercover agent. As an HSI agent, defendant CISNEROS had access to non-public law enforcement databases, which, pursuant to government policy, were only to be used to conduct legitimate law enforcement investigations. Defendant CISNEROS had a duty not to share information from law enforcement databases with others to help criminals avoid detection and law enforcement monitoring.  As a Special Agent with HSI, defendant CISNEROS was a public official who swore an oath to faithfully discharge the duties of a federal law enforcement officer.

6.    Individual 1 was engaged in criminal conduct and associated with a criminal organization.  Individual 2 was a law enforcement officer who, at times, acted as a middleman for defendant CISNEROS and Individual 1 to engage in criminal conduct.

7.    Relative 1 was a close relative of defendant CISNEROS.

8.    W.R. was a German national who was not allowed entry into the United States based on a prior conviction in Germany.

9.    D.K. and A.A. were Armenian nationals who were repeatedly denied visas for entry into the United States.

10.  P.T. was an Italian national who was not allowed entry into the United States based on prior convictions in Italy.

11.  These Introductory Allegations are incorporated into each count of this First Superseding Indictment.

1              COUNT ONE

2            [18 U.S.C. § 371]

3  A.   OBJECT OF THE CONSPIRACY

4       12.  Beginning in about September 2015 and continuing to at

5  least March 2017, in Los Angeles County, within the Central District

6  of California, and elsewhere, defendant CISNEROS conspired with

7  Individual 1 and Individual 2, and others known and unknown to the

8  Grand Jury, to commit bribery of a public official, in violation of

9  Title 18, United States Code, Sections 201(b)(2)(A),(C).

10 B.   MANNER AND MEANS OF THE CONSPIRACY

11      13.  The object of the conspiracy was carried out as follows:

12           a.   Individual 1 would offer and provide to defendant

13 CISNEROS, and defendant CISNEROS would accept and receive from

14 Individual 1, cash, checks, private jet flights, hotel stays, meals,

15 and other items of value.

16           b.   Individual 1 would provide numerous checks to

17 defendant CISNEROS every month.  Most of the checks were made

18 directly payable to credit card companies for payments on defendant

19 CISNEROS's or Relative 1's personal credit cards.  Other checks were

20 made payable for the following:  (1) to a bank for repayment on

21 defendant CISNEROS's home equity line of credit; (2) to the federal

22 Thrift Savings Plan ("TSP"), a retirement savings and investment plan

23 for federal employees, for repayment of funds defendant CISNEROS

24 withdrew; and (3) to defendant CISNEROS's wife.

25           c.   Individual 2 would, at times, deliver credit card or

26 other statements and convey messages from defendant CISNEROS to

27 Individual 1.  Individual 2 would bring or convey checks, cash,

28 information, and messages from Individual 1 to defendant CISNEROS.

4

d.   In return for the payments and other items of value, defendant CISNEROS would: (1) perform official acts, including attempting to obtain or influence the entry into the United States of foreign nationals; (2) omit enforcing immigration laws consistent with his duties as an HSI and CBP agent; (3) conduct law enforcement database inquiries to provide information to Individual 1 and his associates to help them avoid law enforcement detection and monitoring; and (4) create alerts in law enforcement databases that would allow defendant CISNEROS to learn information so he could help Individual 1 and his associates avoid law enforcement detection and monitoring.

e.   By means of the above-described conduct and in exchange for the above-described official acts and omissions, defendant CISNEROS received payments from Individual 1 totaling at least approximately $143,000 from approximately September 2015 through late 2016, which amount included bribe checks totaling $93,403.

C.   OVERT ACTS

14.   On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant CISNEROS and co-conspirators Individuals 1 and 2 committed, and caused others to commit, the following overt acts, among others, within the Central District of California, and elsewhere:

*Obtaining Law Enforcement Information re: Foreign National W.R.,*
*Cash Payment, and Marijuana Grow Alert*

Overt Act No. 1:   On September 23, 2015, defendant CISNEROS obtained United States Citizenship and Immigration Services ("USCIS") records for W.R. from an ICE employee.

5

<u>Overt Act No. 2:</u>   On September 25, 2015, defendant CISNEROS queried a DHS law enforcement database for the name and date of birth of W.R. at the request of Individual 1, in order to determine why W.R. could not enter the United States.

<u>Overt Act No. 3:</u>   On or after September 25, 2015, defendant CISNEROS printed out records from a DHS law enforcement database about W.R. for Individual 1.

<u>Overt Act No. 4:</u>   On or after September 25, 2015, defendant CISNEROS told Individual 1 that there was a "hit" on W.R. that defendant CISNEROS had removed, thus indicating derogatory information had been removed.

<u>Overt Act No. 5:</u>   On or after September 25, 2015 or in October 2015, Individual 1 paid $30,000 in cash to defendant CISNEROS as payment for his assistance with W.R.'s immigration issues.

<u>Overt Act No. 6:</u>   On October 28, 2015, on behalf of Individual 1, defendant CISNEROS placed an alert in a law enforcement database for an address associated with an illegal marijuana grow operation, which would result in notification to defendant CISNEROS, who would then warn Individual 1, of law enforcement interest in that or other nearby locations.

*Payments to Defendant CISNEROS*

<u>Overt Act No. 7:</u>   On November 25, 2015, defendant CISNEROS accepted a $4,000 check from Individual 1 payable to defendant CISNEROS's JP Morgan Chase credit card.

<u>Overt Act No. 8:</u>   On November 25, 2015, defendant CISNEROS accepted a $2,000 check from Individual 1 payable to defendant CISNEROS's Cabrillo Credit Union credit card.

Overt Act No. 9:   On November 25, 2015, defendant CISNEROS accepted a $4,000 check from Individual 1 payable to defendant CISNEROS's Navy Federal Credit Union ("Navy FCU") credit card.

Overt Act No. 10:   On November 25, 2015, defendant CISNEROS accepted a $2,500 check from Individual 1 payable to defendant CISNEROS's Relative 1's Home Depot credit card.

Overt Act No. 11:   On November 25, 2015, defendant CISNEROS accepted a $4,500 check from Individual 1 payable to defendant CISNEROS's US Bank credit card.

Overt Act No. 12:   On November 25, 2015, defendant CISNEROS accepted a $3,000 check from Individual 1 payable to defendant CISNEROS's Thrift Savings Plan loan.

Overt Act No. 13:   On December 31, 2015, defendant CISNEROS accepted a $500 check from Individual 1 payable to defendant CISNEROS's JP Morgan Chase credit card.

Overt Act No. 14:   On December 31, 2015, defendant CISNEROS accepted a $1,000 check from Individual 1 payable to defendant CISNEROS's Navy FCU credit card.

Overt Act No. 15:   On December 31, 2015, defendant CISNEROS accepted a $500 check from Individual 1 payable to defendant CISNEROS's Relative 1's Home Depot credit card.

Overt Act No. 16:   On December 31, 2015, defendant CISNEROS accepted a $1,000 check from Individual 1 payable to defendant CISNEROS's Cabrillo Credit Union credit card.

Overt Act No. 17:   On December 31, 2015, defendant CISNEROS accepted a $500 check from Individual A payable to defendant CISNEROS' Bank of America home equity line of credit ("HELOC").

Overt Act No. 18:   On December 31, 2015, defendant CISNEROS accepted a $500 check from Individual 1 payable to defendant CISNEROS's TSP loan.

Overt Act No. 19:   On February 1, 2016, defendant CISNEROS accepted a $2,000 check from Individual 1 payable to defendant's CISNEROS's JP Morgan Chase Credit Card.

Overt Act No. 20:   On February 1, 2016, defendant CISNEROS accepted a $2,000 check from Individual 1 payable to defendant CISNEROS's Bank of America HELOC.

Overt Act No. 21:   On February 1, 2016, defendant CISNEROS accepted a $2,000 check from Individual 1 payable to defendant CISNEROS's Cabrillo Credit Union credit card.

Overt Act No. 22:   On February 1, 2016, defendant CISNEROS accepted a $2,000 check from Individual 1 payable to defendant CISNEROS's Navy FCU credit card.

Overt Act No. 23:   On February 1, 2016, defendant CISNEROS accepted a $2,833.88 check from Individual 1 payable to defendant CISNEROS's Relative 1's Home Depot credit card.

Overt Act No. 24:   On February 1, 2016, defendant CISNEROS accepted a $2,000 check from Individual 1 payable to defendant CISNEROS's TSP loan.

*Obtaining Law Enforcement Information re: Foreign National D.K.*

Overt Act No. 25:   On February 7, 2016, defendant CISNEROS agreed to look into immigration issues for Individual 1's relative, D.K., a foreign national, who was then in Mexico.

Overt Act No. 26:   On February 8, 2016, defendant CISNEROS telephoned Individual 1 to discuss getting Individual 1's relative, D.K., into the United States.

Overt Act No. 27:   On February 9, 2016, Individual 2 sent defendant CISNEROS proposed parole letter language for D.K.

Overt Act No. 28:   On or before February 12, 2016, defendant CISNEROS contacted an HSI Special Agent assigned to San Diego ("San Diego HSI agent") to discuss paroling D.K. into the United States.

Overt Act No. 29:   On February 16, 2016, defendant CISNEROS queried a DHS law enforcement database for D.K.'s name and date of birth.

Overt Act No. 30:   On February 17, 2016, using his DHS email address, defendant CISNEROS emailed the San Diego HSI agent and asked whether, in order to obtain a parole letter, he needed to have the memo include the names and approval of a group supervisor or "asac" (meaning an Assistant Special Agent in Charge).

Overt Act No. 31:   On February 17, 2016, defendant CISNEROS learned from the San Diego HSI agent that the parole letter needed signed approval from an Assistant Special Agent in Charge.

Overt Act No. 32:   On February 17, 2016, defendant CISNEROS sent an email to the San Diego HSI agent and asked to whom he should send the parole letter for coordination because he was trying to have the parole letter submitted by early the next week.

Overt Act No. 33:   On February 18, 2016, defendant CISNEROS sent an email to the San Diego HSI agent asking "[h]ow quick can we do this once you have signed memo?  A day or two, same day?"

Overt Act No. 34:   On February 19, 2016, defendant CISNEROS obtained the signature of an HSI Assistant Special Agent in Charge on a parole letter for Individual 1's relative, D.K., to assist D.K. in entering the United States.

<u>Overt Act No. 35:</u>   On February 19, 2016, defendant CISNEROS used his DHS email address to send a copy of the signed parole letter for D.K. to the San Diego HSI agent, and asked the agent to "[l]et me know if port director approves and what the earliest time frame would be for the parole."

<u>Overt Act No. 36:</u>   On February 19, 2016, defendant CISNEROS sent a text message to the San Diego HSI agent, which said, "I emailed you parole memo. Please push it through as soon as you can as the alien is floating around in TJ and I don't want him getting kidnapped or whacked. .Lol. .Thx."

<u>Overt Act No. 37:</u>   On February 19, 2016, defendant CISNEROS caused the parole memo to be submitted to CBP for presentation to the Port Director in San Ysidro, California.

<u>Overt Act No. 38:</u>   On February 22, 2016, defendant CISNEROS sent a text message to the San Diego HSI agent asking, "[a]ny word from CBP on parole [], just wanted to get an idea on the week schedule."

<u>Overt Act No. 39:</u>   On February 22, 2016, defendant CISNEROS communicated with Individual 2 to obtain information from Individual 1 about how D.K. entered Mexico and learned it was through a visa.

<u>Overt Act No. 40:</u>   On February 24, 2016, defendant CISNEROS made a call to a CBP agent to find out the status of the parole letter and learned it was still awaiting port director approval.

*Additional Payments to Defendant CISNEROS for Law Enforcement Information and Assistance*

<u>Overt Act No. 41:</u>   On February 24, 2016, defendant CISNEROS accepted a $4,241.43 check from Individual 1 payable to defendant CISNEROS's Cabrillo Credit Union credit card.

1      Overt Act No. 42:   On February 24, 2016, defendant CISNEROS
2   accepted a $5,000 check from Individual 1 payable to defendant
3   CISNEROS's Navy FCU credit card.

4      Overt Act No. 43:   On February 24, 2016, defendant CISNEROS
5   accepted a $5,000 check from Individual 1 payable to defendant
6   CISNEROS's JP Morgan Chase credit card.

7      Overt Act No. 44:   On February 24, 2016, defendant CISNEROS
8   accepted a $5,800 check from Individual 1 payable to defendant
9   CISNEROS's TSP loan.

10      Overt Act No. 45:   On March 7, 2016, defendant CISNEROS reached
11   out to the San Diego HSI agent to find out the status of the parole
12   letter and was told the port director declined it because there was
13   too much recent "derogatory immigration related info" regarding
14   D.K.'s wife's brother (Individual 1).

15      Overt Act No. 46:   On March 23, 2016, defendant CISNEROS
16   discussed with the San Diego HSI agent arrangements for defendant
17   CISNEROS to go the San Diego port of entry the next day to attempt to
18   have D.K. admitted to the United States.

19      Overt Act No. 47:   On  March 23, 2016, after reading an email
20   sent by the San Diego HSI agent, defendant CISNEROS sent a text
21   message to the San Diego HSI agent stating, "it's kind of confusing
22   so I see how they just jump into making decision and it talks about
23   Wifes (sic) brother."

24      Overt Act No. 48:   On April 1, 2016, defendant CISNEROS
25   accepted a $1,000 check from Individual 1 payable to defendant
26   CISNEROS's Bank of America HELOC.

27
28

1    <u>Overt Act No. 49:</u>   On April 1, 2016, defendant CISNEROS
2  accepted a $1,000 check from Individual 1 payable to defendant
3  CISNEROS's JP Morgan Chase credit card.

4    <u>Overt Act No. 50:</u>   On April 1, 2016, defendant CISNEROS
5  accepted a $1,000 check from Individual 1 payable to defendant
6  CISNEROS's Navy FCU credit card.

7    <u>Overt Act No. 51:</u>   On April 1, 2016, defendant CISNEROS
8  accepted a $1,000 check from Individual 1 payable to defendant
9  CISNEROS's US Bank credit card.

10    <u>Overt Act No. 52:</u>   On April 1, 2016, defendant CISNEROS
11  accepted a $1,000 check from Individual 1 payable to defendant
12  CISNEROS's TSP loan.

13    *Las Vegas Trip for Defendant CISNEROS*

14    <u>Overt Act No. 53:</u>   From April 8, 2016 to April 10, 2016,
15  Individual 1 treated defendant CISNEROS to a private jet flight to
16  Las Vegas, three nights at a luxury Las Vegas hotel, and ringside
17  seats to a Manny Pacquiao boxing match.

18    *Obtaining Law Enforcement Information re: Criminal Investigation*
19    *of H.N.*

20    <u>Overt Act No. 54:</u>   On April 14, 2016, Individual 1 sent an
21  encrypted WhatsApp text communication to defendant CISNEROS with the
22  birthdate of Individual 1's associate, H.N., on whose home law
23  enforcement served a search warrant that day.  Individual 1 said,
24  "Thanx (sic) bro. It's personal, I ll (sic) tell you later."

25    <u>Overt Act No. 55:</u>   On or after April 14, 2016, defendant
26  CISNEROS told Individual 1 that he (defendant CISNEROS) knew the HSI
27  Special Agent assigned to the investigation of H.N. (the "H.N. case

28

agent") and that defendant CISNEROS would concoct a fictitious reason to approach the H.N. case agent to ask about the H.N. investigation.

Overt Act No. 56:   On April 28, 2016, defendant CISNEROS exchanged text messages with the H.N. case agent.

Overt Act No. 57:   On April 30, 2016, defendant CISNEROS searched a law enforcement database for the street on which Individual 1 lived and the address of one of Individual 1's neighbors to determine if the H.N. investigation involved Individual 1.

Overt Act No. 58:   After April 30, 2016, and before August 26, 2016, defendant CISNEROS informed Individual 1 that the U.S. Attorney's Office had rejected the H.N. case, and that the Los Angeles County Sheriff's Department had taken over the investigation.

*Obtaining Law Enforcement Information re: Foreign National D.K.;*
*Additional Payments to Defendant CISNEROS*

Overt Act No. 59:   On June 10, 2016, defendant CISNEROS accepted a $500 check from Individual 1 payable to defendant CISNEROS's JP Morgan Chase credit card.

Overt Act No. 60:   On June 10, 2016, defendant CISNEROS accepted a $500 check from Individual 1 payable to defendant CISNEROS's US Bank credit card.

Overt Act No. 61:   On June 12, 2016, defendant CISNEROS accepted a $500 check from Individual 1 payable to defendant CISNEROS's Navy FCU credit card.

Overt Act No. 62:   On June 15, 2016, defendant CISNEROS accepted a $500 check from Individual 1 payable to defendant CISNEROS's Bank of America HELOC.

1      Overt Act No. 63:  On June 22, 2016, defendant CISNEROS

2 accepted a $500 check from Individual 1 payable to defendant

3 CISNEROS's Navy FCU credit card.

4      Overt Act No. 64:  On June 22, 2016, defendant CISNEROS

5 accepted a $500 check from Individual 1 payable to defendant

6 CISNEROS's Bank of America HELOC.

7      Overt Act No. 65:  On June 23, 2016, defendant CISNEROS

8 accepted a $500 check from Individual 1 payable to defendant

9 CISNEROS's US Bank credit card.

10      Overt Act No. 66:  On June 23, 2016, defendant CISNEROS

11 accepted a $500 check from Individual 1 payable to defendant

12 CISNEROS's JP Morgan Chase credit card.

13      Overt Act No. 67:  On July 11, 2016, defendant CISNEROS

14 accepted a $5,000 check from Individual 1 payable to defendant

15 CISNEROS's wife.

16      Overt Act No. 68:  On August 3, 2016, Individual 1 sent an

17 encrypted WhatsApp text communication to defendant CISNEROS as a

18 "[r]eminder" about D.K., who now had a pending asylum application.

19      Overt Act No. 69:  On August 3, 2016, defendant CISNEROS sent

20 an encrypted WhatsApp text communication to Individual 1 explaining,

21 "I checked yesterday no change" and promising to "check in a few days

22 and get detailed update through my guy."

23      Overt Act No. 70:  On August 11, 2016, defendant CISNEROS

24 accepted a $4,000 check from Individual 1 payable to defendant

25 CISNEROS's wife.

26      Overt Act No. 71:  On August 11, 2016, defendant CISNEROS

27 accepted a $500 check from Individual 1 payable to defendant

28 CISNEROS's Navy FCU credit card.

1        <u>Overt Act No. 72:</u>   On August 11, 2016, defendant CISNEROS
2    accepted a $2,608.46 check from Individual 1 payable to defendant
3    CISNEROS's Bank of America HELOC.

4        <u>Overt Act No. 73:</u>   On September 6, 2016, Individual 1 met with
5    defendant CISNEROS in Beverly Hills.

6        <u>Overt Act No. 74:</u>   On September 6, 2016, defendant CISNEROS
7    accepted a $5,000 check from Individual 1 payable to defendant
8    CISNEROS's wife.

9        <u>Overt Act No. 75:</u>   On September 23, 2016, defendant CISNEROS
10   accepted a $3,000 check from Individual 1 payable to defendant
11   CISNEROS's JP Morgan Chase credit card.

12       <u>Overt Act No. 76:</u>   On September 23, 2016, defendant CISNEROS
13   accepted a $2,000 check from Individual 1 payable to defendant
14   CISNEROS's Navy FCU credit card.

15       <u>Overt Act No. 77:</u>   On September 23, 2016, defendant CISNEROS
16   accepted a $3,000 check from Individual 1 payable to defendant
17   CISNEROS's US Bank credit card.

18       <u>Overt Act No. 78:</u>   On November 1, 2016, defendant CISNEROS
19   accepted a $1,320 check from Individual 1 payable to defendant
20   CISNEROS's US Bank credit card.

21       <u>Overt Act No. 79:</u>   On November 1, 2016, defendant CISNEROS
22   accepted a $500 check from Individual 1 payable to defendant
23   CISNEROS's JP Morgan Chase credit card.

24       <u>Overt Act No. 80:</u>   On November 1, 2016, defendant CISNEROS
25   accepted a $600 check from Individual 1 payable to defendant
26   CISNEROS's Navy FCU credit card.

27   //

28

*Obtaining Law Enforcement Information re: Foreign Nationals*
*W.R., A.A. and P.T.*

Overt Act No. 81:   On December 15, 2016, Individual 1 sent an encrypted WhatsApp text communication, containing an image of a Non-Immigrant Visa Application for W.R., to Individual 2, who promised "we will look into it."

Overt Act No. 82:   On December 18, 2016, defendant CISNEROS sent an encrypted WhatsApp text communication to Individual 1 saying "God is looking over you and so are the Feds. . . Happy Sunday my brother . . ."

Overt Act No. 83:   On December 23, 2016, defendant CISNEROS requested and obtained information and advice from a USCIS employee on the status of W.R.

Overt Act No. 84:   On December 23, 2016, defendant CISNEROS forwarded to Individual 2 the W.R. information he obtained from USCIS.

Overt Act No. 85:   On January 9, 2017, defendant CISNEROS advised Individual 1 about W.R.'s ongoing immigration issues.

Overt Act No. 86:   On February 1, 2017, Individual 1 sent an encrypted WhatsApp text communication to defendant CISNEROS with an image of a foreign passport for A.A., a foreign national, and then spoke with defendant CISNEROS.

Overt Act No. 87:   On February 1, 2017, defendant CISNEROS obtained from an ICE employee information about A.A. and prior denials of his visa requests.

Overt Act No. 88:   On February 24, 2017, defendant CISNEROS emailed a USCIS employee requesting information about W.R.

Overt Act No. 89:   On March 8, 2017, Individual 1 sent an encrypted WhatsApp text communication with P.T.'s name and date of birth to defendant CISNEROS and spoke with defendant CISNEROS.

Overt Act No. 90:   On March 10, 2017, defendant CISNEROS obtained from an ICE employee emailed information about why P.T. had been denied a visa to enter the United States.

Overt Act No. 91:   On March 13, 2017, defendant CISNEROS obtained from a USCIS employee emailed information about W.R.

1

COUNT TWO

2

[18 U.S.C. §S 201(b)(2)(A),(C)]

3      15.  On or about February 19, 2016, in Los Angeles County,

4 within the Central District of California, and elsewhere, defendant

5 CISNEROS, a public official, namely, an HSI Special Agent responsible

6 for investigating narcotics, money laundering, and human trafficking

7 offenses, directly and indirectly, corruptly demanded, sought,

8 received, accepted, and agreed to receive and accept something of

9 value, namely, checks and cash, in return for: (i) being influenced

10 in the performance of official acts; and (ii) being induced to do an

11 act and omit doing an act in violation of his official duty.

12 Specifically, defendant CISNEROS corruptly demanded and accepted

13 checks and approximately $20,000 in cash from Individual 1, an

14 individual engaged in criminal conduct and associated with a criminal

15 organization, in exchange for defendant CISNEROS attempting to assist

16 the entry into the United States by an inadmissible foreign national,

17 namely, Individual 1's relative D.K.  Such conduct violated defendant

18 CISNEROS's duties and responsibilities as a federal law enforcement

19 officer, including: (1) the duty to use parole letters only to assist

20 in legitimate criminal investigations; (2) the duty to faithfully

21 discharge the duties of a federal law enforcement officer; (3) the

22 duty to only use law enforcement databases for legitimate law

23 enforcement activity; and (4) the duty not to share information from

24 law enforcement databases with others to help criminals avoid

25 detection and law enforcement monitoring.

26

27

28

COUNTS THREE THROUGH TWENTY-EIGHT

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2(a)]

16.  On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant CISNEROS knowingly conducted, and aided, abetted, counseled, commanded, induced and procured the following financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, bribery of a public official, in violation of Title 18, United States Code, Sections 201(b)(2)(A),(C), knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity:

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| THREE | 3/4/2016 | Payment by check no. 864, in the amount of $4,241.43, from Individual 1, payable to Cabrillo Credit Union, for defendant CISNEROS's credit card, in Los Angeles, California. |
| FOUR | 3/5/2016 | Payment by check no. 866, in the amount of $5,000, from Individual 1, payable to Navy FCU, for defendant CISNEROS's credit card, in Los Angeles, California. |
| FIVE | 3/5/2016 | Payment by check no. 878, in the amount of $5,000, from Individual 1, payable to JP Morgan Chase, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| SIX | 4/9/2016 | Payment by check no. 222, in the amount of $1,000, from Individual 1, payable to JP Morgan Chase, for defendant CISNEROS's credit card balance, in Los Angeles, California. |

| COUNT | DATE | TRANSACTION |
|---|---|---|
| SEVEN | 4/10/2016 | Payment by check no. 225, in the amount of $1,000, from Individual 1, payable to Bank of America, for defendant CISNEROS's loan balance, in Los Angeles, California. |
| EIGHT | 4/11/2016 | Payment by check no. 223, in the amount of $1,000, from Individual 1, payable to Navy FCU, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| NINE | 4/11/2016 | Payment by check no. 226, in the amount of $1,000, from Individual 1, payable to US Bank, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| TEN | 6/25/2016 | Payment by check no. 135, in the amount of $500, from Individual 1, payable to JP Morgan Chase, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| ELEVEN | 6/25/2016 | Payment by check no. 137, in the amount of $500, from Individual 1, payable to JP Morgan Chase, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| TWELVE | 6/27/2016 | Payment by check no. 139, in the amount of $500, from Individual 1, payable to Navy FCU, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| THIRTEEN | 6/27/2016 | Payment by check no. 140, in the amount of $500, from Individual 1, payable to Bank of America, for defendant CISNEROS's loan balance, in Los Angeles, California. |
| FOURTEEN | 6/27/2016 | Payment by check no. 141, in the amount of $500, from Individual 1, payable to Bank of America, for defendant CISNEROS's loan balance, in Los Angeles, California. |
| FIFTEEN | 6/27/2016 | Payment by check no. 142, in the amount of $500, from Individual 1, payable to Navy FCU, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| SIXTEEN | 6/27/2016 | Payment by check no. 138, in the amount of $500, from Individual 1, payable to US Bank, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| SEVENTEEN | 6/27/2016 | Payment by check no. 136, in the amount of $500, from Individual 1, payable to US Bank, for defendant CISNEROS's credit card balance, in Los Angeles, California. |

| COUNT | DATE | TRANSACTION |
|---|---|---|
| EIGHTEEN | 7/15/2016 | Deposit of check no. 129, in the amount of $5,000, from Individual 1, payable to defendant CISNEROS's wife, into a Cabrillo Credit Union Account, in Murietta, California. |
| NINETEEN | 8/19/2016 | Deposit of check no. 247, in the amount of $4,000, from Individual 1, payable to defendant CISNEROS's wife, into a Cabrillo Credit Union Account via mobile deposit. |
| TWENTY | 8/23/2016 | Payment by check no. 245, in the amount of $500, from Individual 1, payable to Navy FCU, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| TWENTY-ONE | 8/23/2016 | Payment by check no. 246, in the amount of $2,608.46, from Individual 1, payable to Bank of America, for defendant CISNEROS's loan balance, in Los Angeles, California. |
| TWENTY-TWO | 9/7/2016 | Deposit of check no. 128, in the amount of $5,000, from Individual 1, payable to defendant CISNEROS's wife, into a Cabrillo Credit Union Account via mobile deposit to savings. |
| TWENTY-THREE | 9/28/2016 | Payment by check no. 1001, in the amount of $3,000, from Individual 1, payable to JP Morgan Chase, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| TWENTY-FOUR | 9/29/2016 | Payment by check no. 126, in the amount of $2,000, from Individual 1, payable to Navy FCU, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| TWENTY-FIVE | 10/3/2016 | Payment by check no. 127, in the amount of $3,000, from Individual 1, payable to US Bank, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| TWENTY-SIX | 11/1/2016 | Payment by check no. 152, in the amount of $1,320, from Individual 1, payable to US Bank, for defendant CISNEROS's credit card balance, in Los Angeles, California. |

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| TWENTY-SEVEN | 11/4/2016 | Payment by check no. 153, in the amount of $500, from Individual 1, payable to JP Morgan Chase, for defendant CISNEROS's credit card balance, in Los Angeles, California. |
| TWENTY-EIGHT | 11/5/2016 | Payment by check no. 151, in the amount of $600, from Individual 1, payable to Navy FCU, for defendant CISNEROS's credit card balance, in Los Angeles, California. |

COUNT TWENTY-NINE

[26 U.S.C. § 7206(1)]

17.  On or about March 18, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant FELIX CISNEROS, JR. willfully made and subscribed, by a written declaration verifying that he was doing so under penalty of perjury, and filed with the Internal Revenue Service, a materially false U.S. Individual Income Tax Return, Form 1040, for the calendar year 2015, which defendant CISNEROS did not believe to be true and correct as to every material matter, in that the tax return reported total income of $116,095, when in fact, as defendant CISNEROS then knew, defendant CISNEROS's total income was at least $136,095.

COUNT THIRTY

[26 U.S.C. § 7206(1)]

18.  On or about February 6, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant FELIX CISNEROS, JR. willfully made and subscribed, by a written declaration verifying that he was doing so under penalty of perjury, and filed with the Internal Revenue Service, a materially false U.S. Individual Income Tax Return, Form 1040, for the calendar year 2016, which defendant CISNEROS did not believe to be true and correct as to every material matter, in that the tax return reported total income of $116,691, when in fact, as defendant CISNEROS then knew, defendant CISNEROS's total income was at least $190,095.

1                       FORFEITURE ALLEGATION ONE

2              [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 981(a)(1)(C) and Title 28, United States

7   Code, Section 2461(c), in the event of the defendant's conviction of

8   the offenses set forth in either Counts One or Two of this First

9   Superseding Indictment.

10       2.    The defendant, if so convicted, shall forfeit to the United

11  States of America the following:

12            (a)   All right, title, and interest in any and all

13  property, real or personal, constituting, or derived from, any

14  proceeds traceable to any of the offenses; and

15            (b)   To the extent such property is not available for

16  forfeiture, a sum of money equal to the total value of the property

17  described in subparagraph (a).

18       Pursuant to Title 21, United States Code, Section 853(p), as

19  incorporated by Title 28, United States Code, Section 2461(c), the

20  defendant, if so convicted, shall forfeit substitute property, up to

21  the value of the property described in the preceding paragraph if, as

22  the result of any act or omission of the defendant, the property

23  described in the preceding paragraph or any portion thereof (a)

24  cannot be located upon the exercise of due diligence; (b) has been

25  transferred, sold to, or deposited with a third party; (c) has been

26  placed beyond the jurisdiction of the court; (d) has been

27  substantially diminished in value; or (e) has been commingled with

28  other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offenses set forth in any of Counts Three to Twenty-Eight of this First Superseding Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.  Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

1  course of the money laundering offense unless the defendant, in

2  committing the offense or offenses giving rise to the forfeiture,

3  conducted three or more separate transactions involving a total of

4  $100,000.00 or more in any twelve-month period.

5                                    A TRUE BILL

6

7                                    /S/

8                                    Foreperson

9

10  TRACY W. WILKISON
    Acting United States Attorney

11

12

13  SCOTT M. GARRINGER
    Assistant U.S. Attorney

14  Chief, Criminal Division

15  MACK E. JENKINS
    Assistant United States Attorney

16  Chief, Public Corruption & Civil
    Rights Section

17

18  RUTH C. PINKEL
    Assistant United States Attorney

    Acting Deputy Chief, Public

19  Corruption & Civil Rights Section

20

21

22

23

24

25

26

27

28