George G. Mgdesyan (SBN 225476)
MGDESYAN LAW FIRM
4529 Sherman Oaks Ave.
Sherman Oaks, CA 91403
Telephone: (818) 386-6777
Facsimile: (818) 754-6778
Email: George@Mgdesyanlaw.com

Attorneys for Defendant
FELIX CISNEROS, JR.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

—WESTERN DIVISION—

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>FELIX CISNEROS, JR.,<br><br>  Defendant. | Case No. 21-CR-51(A)-RGK<br><br>OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE OF DEFENDAN'TS PRIOR CONVICTIONS UNDER FEDERAL RULE OF EVIDENCE 609<br><br>Trial Date: April 26, 2022<br>Trial Time: 9:00 a.m.<br><br>HON. R. GARY KLAUSNER |

Defendant Felix Cisneros, by and through his attorney of record, George G. Mgdesyan, hereby opposes the Government's Motion *In Limine* No. 1 to Admit Evidence of Defendant's Prior Convictions Under Federal Rule of Evidence 609.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, the files and records of the first trial (United States v. Felix Cisneros, Jr., 17-CR-229-CAS), and any other evidence and arguments as the Court may permit.

Dated: April 4, 2022	Respectfully submitted,

/s/ *George G. Mgdesyan*
GEORGE G. MGDESYAN
Attorney for Defendant
FELIX CISNEROS, JR.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Cisneros was originally indicted in United States v. Felix Cisneros, Jr., Case No. CR-17-229. The case was assigned to the Honorable Christina A. Snyder. Mr. Cisneros was found guilty by jury of: (1) Falsification of records, in violation of 18 U.S.C. § 1519; (2) Making False Statements, in violation of 18 U.S.C. § 1001; and (3) Conspiracy to Aid and Assist Alien Convicted of Aggravated Felony to Enter the United States, in violation of 18 U.S.C. §§ 371, 1327.[1] He was sentenced to one year and one day in the custody of the Bureau of Prisons.

Subsequently, the government secured an indictment in the instant case alleging that the defendant engaged in: (1) Conspiracy to Commit Bribery of Public Official, in violation of 18 U.S.C. §§ 371, 201(b)(2)(A), (C); (2) Bribery of Public Official, in violation of 18 U.S.C. §§ 201(b)(2)(A), (C); (3) Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (2)(A); and (4) Subscribing to False Tax Return, in violation of 26 U.S.C. § 7206(1).

The government has moved the Court for an order permitting the admission of evidence of the defendant's prior convictions should he choose to testify at the

---

[1] The defendant was also convicted by jury of Acting as an Agent of Another Before a Department, Agency, or Officer in a Covered Matter Affecting the United States, in violation of 18 U.S.C. § 205(a)(2) and 216(a)(2). On appeal, the Ninth Circuit vacated that conviction for lack of evidence. See CR-17-229-CAS, dkt no. 159, at 6-7.

- 1 -

upcoming trial under Federal Rule of Evidence 609 ("Rule 609"), arguing, among other things, that: (1) prior convictions which carry an element of deceit are automatically admissible; and (2) the probative value outweighs any prejudicial effects against the defendant. See Govt's Mot., generally, dkt no. 49.

## II.
## ARGUMENT

In *United States v. Ortega*, 561 F.2d 803, 806 (9th Cir.1977) and *United States v. Glenn*, 667 F.2d 1269, 1272 (9th Cir. 1982), the Ninth Circuit held as a general proposition that Rule 609(a)(2) mandates the admission of prior convictions if those crimes involved "some element of misrepresentation or other indicium of a propensity to lie…," *Ortega* at id., without the Court "conduct[ing] a balancing test." *Glenn* at id.

Rule 609(a)(1)(B) allows for the admission of prior convictions for impeachment purposes if: (1) it was punishable by death or by imprisonment of more than one year; (2) up to ten years have passed since the conviction or release from confinement, whichever is later; and (3) "the probative value of the evidence outweighs its prejudicial effect to that defendant." Federal Rule of Evidence 609(a)(1)(B).

///

///

///

**A. Introduction of the Prior Convictions for Falsification of Records and Making False Statements Under Rule 609(2) Will Unfairly Influence the Jury's Ultimate Determination of Guilt and Carries Fifth and Sixth Amendment Constitutional Concerns**

Although *Ortega* and *Glenn* clearly outline a general rule that evidence be admitted under Rule 609(a)(2) as to a defendant's prior convictions if an element of some form of deceit was necessary to convict, the Ninth Circuit did not address the issue at hand. In those cases, the prior crimes were not based, as they are here, on the same investigation, evidence, episode of events, course of conduct, alleged conspiracy, "cast of characters," and/or additional evidence that was known at the time of the first trial or could have been (and quite frankly, should have been) known with minimal investigative efforts.

For instance, the government alleged at the first trial that the defendant facilitated the entry of a convicted alien into the United States. Now the government alleges that the defendant was paid for allowing those unauthorized aliens into the country. The government was fully aware of the proceeds they believed to be tied to bribery, money laundering, and false tax return filings since the beginning of the investigation that started prior to the first case. Yet the current charges were not pursued during the first case and that evidence was used secure the current indictment many years later, even though the investigation is one in the same.

The first indictment was returned on December 19, 2017. Almost seven months earlier, on May 31, 2017, a person identified by the government as "Individual 1"[2] had told FBI agents during an interview that he had "loaned [defendant] Cisneros money by paying down his credit cards. Cisneros told [Individual 1] that once his credit cards were paid off, he would have strong enough credit to take a home equity line of credit (HELOC) out on his house and use those funds to pay [Individual 1] back." FBI 302 at Bates 100470.

Although the government was aware of that money changing hands, it only used it to secure the instant indictment nearly three years later in this case, alleging that Mr. Cisneros received those funds in reciprocation for his "attempt[] to obtain or influence the entry into the United States of foreign nationals…" FSI, dkt no. 34 at pp. 4-5. If that is the government's theory, they should have sought these charges of bribery, money laundering, and false tax return at that time.

The government had the benefit of much of the information and evidence it now seeks to introduce at trial prior to the first indictment being returned. It chose not to charge the defendant with the current alleged crimes until nearly three years after the first trial ended. The government now argues that those prior convictions should be allowed to be admitted should Mr. Cisneros choose to testify at the upcoming trial and

---

[2] In the first indictment, "Individual 1" is referred to as "Individual A." These references are for the same person. For the sake of simplicity, Counsel will reference this person as "Individual 1" whether citing to the first or second indictments.

- 4 -

defend himself. Essentially, the government gains a strategic advantage by waiting to bring the charges and secure a conviction first, and then bring additional charges with the benefit of those convictions hampering the defendant's case in the second trial.

Allowing the government to use those tactics to introduce the evidence from the first trial, which is a great part of the anticipated evidence in the upcoming trial, will unavoidably sway the jury ultimate decision of guilt based off the prior jury's guilty verdicts. No amount of limiting instructions can close this jury's eyes to the fact that a separate jury already found this defendant guilty based upon the same investigation, the same set of facts, and the same course of conduct, albeit under violations of different federal statutes.

It is readily apparent from this case that the government, perhaps unsatisfied with the sentenced imposed (a year and a day) by Judge Snyder, is getting a second bite at the apple, with the added benefit of introducing evidence of prior convictions. If the government is allowed to use prior convictions which were based on the same investigation and events, it will pave the way for government harassment of defendant's by taking them to trial under certain federal statutes and, if unhappy with the sentence, pursue a second, successive trial under different federal statutes with the added benefit of dissuading a defendant to exercise his Constitutional right to testify at his own trial and defend against the charges against him.

Furthermore, admission of prior convictions under these circumstances has constitutional implications under the Fifth and Sixth Amendments. The government will gain a tremendous advantage at trial of being able to present testimony from its witnesses while discouraging the defendant from testifying as to his version of the events. The jury, too, will be deprived of making its own unbiased determination of which witness' testimony was more persuasive.

B. **The Prejudice that Will be Inflicted Greatly Outweighs Any Benefits In Allowing the Prior Convictions to be Presented at Trial as to the Conspiracy Conviction**

In assessing whether the benefits outweigh any prejudice, the Court must consider: (1) the impeachment value of the prior crimes; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Cook*, 608 F.2d 1175, 1187 (9th Cir. 1979) (*en banc*), *overruled on other grounds*, *Luce v. United States*, 469 U.S. 38, 40 n.3, 43 (1984).

First, the impeachment value of prior crimes weighs heavily in favor of exclusion. As stated, these were not **prior** crimes, but a single episode of events under one investigation. The second factor also favors exclusion of any conviction evudence. This was a single investigation, and the government should not have the luxury of setting its own "point in time of the convictions" and creating its own "**subsequent**

history" because it chose to pursue a second, successive prosecution under the same investigation and events. As with the first two factors, the third factor is also being created by the government's choice to pursue a second prosecution. The "past" crimes are not "similar," they are the same episode of events. Lastly, the defendant's testimony is important because the government's case rests in great part on its main witness as to what transpired. Without the benefit of the defendant's testimony, the jury will be left with only a one-sided version of the events. For example, the government has indicated that they intend on calling Individual 1 to testify as to the funds that were given to the defendant. When Individual 1 first met with investigators he stated that he was loaning the money to the defendant to help him payoff his debt then the defendant was to pay him back. After charges were brought against Individual 1, he changed his story to include that the money payment for the defendant's assistance in several criminal acts. Thus, for the most part, this is going to be a case that relies heavily on whether the jury believes the defendant or Individual 1's testimony regarding at least three of the charges.

    Again, any limiting instructions cannot undue the harm that will be caused by allowing the presentation of the defendant's convictions for the same conduct and tainting the jury's determination of guilt. This issue not only affects the credibility of the defendant's testimony, but also the jury's determination of guilt. Thus, there are several constitutional violation concerns.

# III.
# CONCLUSION

Based upon the foregoing, the Court is respectfully asked to deny the government motion *in limine* and not allow the evidence of the convictions from the first trial to be presented during the defendant's testimony.

Dated: April 4, 2022

Respectfully submitted,

/s/ *George G. Mgdesyan*
GEORGE G. MGDESYAN
Attorney for Defendant
FELIX CISNEROS, JR.