EXHIBIT 4

1
2
3
4
5
6
7

FILED
2017 DEC 19 PM 4:46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2017 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 17-229(A)-CAS |
|---|---|
| Plaintiff, | **F I R S T** |
| v. | **S U P E R S E D I N G** |
| | **I N D I C T M E N T** |
| FELIX CISNEROS, JR., | [18 U.S.C. § 371: Conspiracy to Aid and Assist Alien Convicted of Aggravated Felony to Enter the United States; 18 U.S.C. §§ 205(a)(2), 216(a)(2): Public Official Prosecuting Claim Affecting the United States; 18 U.S.C. § 1519: Falsification of Records; 18 U.S.C. § 1001: Making False Statements; 18 U.S.C. § 1512(b)(3): Tampering with a Witness, Victim, or Informant and Obstruction of Justice] |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this First Superseding Indictment:

1.  Defendant FELIX CISNEROS, JR. ("CISNEROS") was a Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), a federal law

enforcement agency responsible for, among other things, enforcement of United States immigration laws.

2. United States Customs and Border Protection ("CBP") was a component of the Department of Homeland Security, an agency of the United States, charged with protecting the borders of the United States including, among other things, the enforcement of United States immigration laws.

3. As part of its responsibility to enforce United States immigration laws, CBP processed international travelers arriving through Los Angeles International Airport ("LAX") to ensure they were admissible to the United States. CBP Officers at LAX typically referred travelers about whose entry they had concerns to an area known as secondary inspection. If CBP found that a traveler was inadmissible to the United States, it could refuse to admit that traveler into the United States. CBP had statutory discretion to allow otherwise inadmissible individuals physical entry into the United States through a process known as parole.

4. Inadmissible Alien was a lawful permanent resident of the United States but had sustained several criminal convictions and charges subjecting him to potential removal from the United States.

5. Defendant CISNEROS and Inadmissible Alien were associated with Individual A, a businessman who law enforcement suspected of being involved in criminal activity.

6. Between in or about November 2009 and in or about April 2014, defendant CISNEROS queried a DHS law enforcement database for records pertaining to Individual A and associates of Individual A more than ten times despite having no legitimate law enforcement purpose to do so. In the course of reviewing query results,

2

defendant CISNEROS learned, among other things, that Individual A often traveled internationally with large quantities of cash, that United States and foreign customs officials had discovered large quantities of United States currency in the possession of Individual A while travelling internationally that Individual A failed to declare, that a foreign agency had identified Individual A as a money launderer, and that federal law enforcement agencies had identified Individual A as a person of interest in connection with alleged currency smuggling and unlawful export of military equipment.

7. On or about April 17, 2013, defendant CISNEROS queried a DHS law enforcement database for records pertaining to Inadmissible Alien despite having no legitimate law enforcement purpose to do so. In the course of reviewing query results, defendant CISNEROS learned, among other things, of Inadmissible Alien's immigration status and criminal history. Based on his review of Inadmissible Alien's criminal history, defendant CISNEROS believed that Inadmissible Alien had sustained at least one conviction qualifying as a crime of moral turpitude under Title 8, United States Code, Section 1182(a)(2) and at least one conviction qualifying as an aggravated felony under Title 8, United States Code, Section 1101(a)(43), which defendant CISNEROS believed would have rendered Inadmissible Alien unable to legally re-enter the United States.

8. On or about July 21, 2013, Inadmissible Alien attempted to re-enter the United States at LAX and was detained by CBP officers due to an outstanding warrant for Inadmissible Alien's arrest. CBP officers seized Inadmissible Alien's passport and lawful permanent resident card, granted Inadmissible Alien parole status to physically enter the United States pending the outcome of the pending criminal

charges, and directed Inadmissible Alien to report to CBP on or before September 13, 2013.

    9.   In or about August 2013, Individual A instructed Inadmissible Alien to travel to Mexico to complete a business negotiation on behalf of Individual A.

    10.  Individual B was an associate and business partner of Individual A.

    11.  Individual C was an associate of Individual A and a sworn law enforcement officer.

    12.  Individual D was a murder victim whose death was being investigated in or about October 2016 by the Los Angeles Police Department with the assistance of the Federal Bureau of Investigation ("FBI"). In or about October 2016, FBI Special Agent Sean Sterle approached defendant CISNEROS for the nominal purpose of learning what, if any, information defendant CISNEROS had concerning the death of Individual D.

4

COUNT ONE

[18 U.S.C. § 371]

13. The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 12 of this First Superseding Indictment as though fully set forth herein.

A. THE OBJECT OF THE CONSPIRACY

14. Beginning in or about August 2013, and continuing through at least October 18, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant FELIX CISNEROS, JR. ("CISNEROS"), together with Individual A and others known and unknown to the Grand Jury, combined, conspired, and agreed with each other to aid and assist an alien inadmissible under Title 8, United States Code, Section 1182(a)(2) and who had been convicted of an aggravated felony to enter the United States, in violation of Title 8, United States Code, Section 1327.

B. THE MANNER AND MEANS OF THE CONSPIRACY

15. The object of the conspiracy was to be carried out, and was carried out, in substance, as follows:

    a. Defendant CISNEROS, knowing that Individual A needed Inadmissible Alien to travel to Mexico in furtherance of Individual A's business interests, and believing that CBP would not permit Inadmissible Alien to re-enter the United States if Inadmissible Alien departed, would use his official position to fraudulently influence CBP to allow Inadmissible Alien to physically re-enter the United States.

    b. Using his official position, defendant CISNEROS would contact CBP officers at LAX and request that CBP return Inadmissible Alien's passport.

5

   c. Defendant CISNEROS would falsely represent to CBP that allowing the Inadmissible Alien to physically re-enter the United States would serve an official purpose in the interest of the United States government when, in truth and in fact, defendant CISNEROS lacked any official purpose for the request and made the request as a personal favor to Individual A.

   d. After CBP returned Inadmissible Alien's passport and granted Inadmissible Alien parole status to physically re-enter the United States, defendant CISNEROS would periodically contact CBP to ensure that Inadmissible Alien was not removed from the United States and that his parole status would be extended. During these contacts with CBP, defendant CISNEROS would not disclose that he was acting on behalf of Individual A and that there was no official purpose for his contacts with CBP on behalf of Inadmissible Alien.

C. OVERT ACTS

 16. On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant CISNEROS committed and willfully caused others to commit the following overt acts, among others, within the Central District of California and elsewhere:

 <u>Overt Act No. 1</u>: On August 30, 2013, defendant CISNEROS called secondary inspection at LAX and spoke to a CBP Officer. During that conversation, defendant CISNEROS requested the CBP Officer return Inadmissible Alien's passport and assist Inadmissible Alien in re-entering the United States. Defendant CISNEROS falsely represented that doing so would serve an official purpose in the interest of the United States government.

6

Overt Act No. 2: On August 30, 2013, defendant CISNEROS instructed Inadmissible Alien to retrieve his passport from a CBP Officer.

Overt Act No. 3: On August 30, 2013, Inadmissible Alien followed defendant CISNEROS's instructions and retrieved his passport from a CBP Officer.

Overt Act No. 4: On August 30, 2013, Inadmissible Alien sent an email to defendant CISNEROS's personal email account, attaching Inadmissible Alien's travel itinerary to Mexico between September 2, 2013, and September 7, 2013.

Overt Act No. 5: On August 31, 2013, defendant CISNEROS sent an email to a CBP Officer at LAX, informing the Officer of Inadmissible Alien's travel itinerary to Mexico between September 2, 2013, and September 7, 2013.

Overt Act No. 6: On September 2, 2013, Inadmissible Alien traveled to Mexico on a flight departing from LAX.

Overt Act No. 7: On September 7, 2013, defendant CISNEROS called secondary inspection at LAX and spoke to a CBP Officer to ensure that Inadmissible Alien, who was arriving at LAX on a flight from Mexico that day, would be permitted to physically enter the United States.

Overt Act No. 8: On September 12, 2013, defendant CISNEROS sent an email to a CBP Officer about extending Inadmissible Alien's parole status, which, if granted, would have allowed Inadmissible Alien to physically remain in the United States for a longer period.

Overt Act No. 9: On September 14, 2013, defendant CISNEROS sent an email to a CBP Officer about extending Inadmissible Alien's parole status.

    <u>Overt Act No. 10</u>:  On October 15, 2013, defendant CISNEROS sent an email to a CBP Officer to request further direction about steps for Inadmissible Alien to follow to remain in the United States.

    <u>Overt Act No. 11</u>:  On October 16, 2013, defendant CISNEROS relayed instructions from the CBP Officer to Inadmissible Alien regarding making an appointment to have Inadmissible Alien's lawful permanent resident card returned.

    <u>Overt Act No. 12</u>:  On October 18, 2013, defendant CISNEROS sent a text message to Inadmissible Alien, saying, "[C]all me when you can so I get my story straight when I call these guys."

    <u>Overt Act No. 13</u>:  On October 18, 2013, defendant CISNEROS called a CBP Officer to make an appointment for Inadmissible Alien to appear at CBP in connection with extending Inadmissible Alien's parole status.

    <u>Overt Act No. 14</u>:  On October 18, 2013, defendant CISNEROS relayed instructions from CBP to Inadmissible Alien regarding his appointment with CBP that were designed to extend Inadmissible Alien's parole status so he could remain in the United States.

## COUNT TWO

[18 U.S.C. §§ 205(a)(2), 216(a)(2)]

17. The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 16 of this First Superseding Indictment as though fully set forth herein.

18. Between on or about August 30, 2013, and on or about October 18, 2013, in Los Angeles County, within the Central District of California, other than in the proper discharge of official duties, defendant FELIX CISNEROS, JR. ("CISNEROS"), being an officer and employee of the United States in the executive branch of the Government and of the Department of Homeland Security, an agency of the United States, knowingly and willfully acted as agent of another before a department, agency, and officer, in connection with a proceeding, application, request for a ruling or other determination, claim, controversy, and other particular matter, in which the United States was a party and had a direct and substantial interest, specifically, an application and request for determination by Inadmissible Alien that Inadmissible Alien be allowed to physically enter the United States.

COUNT THREE

[18 U.S.C. § 1519]

19. The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 16 of this First Superseding Indictment as though fully set forth herein.

20. On or about August 25, 2014, in San Bernardino County, within the Central District of California, and elsewhere, defendant FELIX CISNEROS, JR. ("CISNEROS") knowingly made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Department of Justice, the United States Department of Homeland Security, and the United States Office of Personnel Management, and in relation to and in contemplation of such matter. Specifically, defendant CISNEROS completed a form SF-86 questionnaire pertaining to his federal employment and background investigation in which defendant CISNEROS stated that he had no close and continuing contact with a foreign national within the previous seven years with whom defendant CISNEROS was bound by affection, influence, common interests, and obligation, when in truth and fact, as defendant CISNEROS then well knew, defendant CISNEROS had had close and continuing contact within the previous seven years with Inadmissible Alien, a foreign national with whom defendant CISNEROS was bound by affection, influence, common interests, and obligation.

COUNT FOUR

[18 U.S.C. § 1001]

21. The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 16 of this First Superseding Indictment as though fully set forth herein.

22. On or about August 25, 2014, in San Bernardino County, within the Central District of California, and elsewhere, defendant FELIX CISNEROS, JR. ("CISNEROS") knowingly and willfully made a materially false, fictitious, and fraudulent statement in a matter within the jurisdiction of the executive branch of the government of the United States, specifically, the United States Department of Justice, the United States Department of Homeland Security, and the United States Office of Personnel Management, by stating in a form SF-86 questionnaire pertaining to his federal employment and background investigation that defendant CISNEROS had no close and continuing contact with a foreign national within the previous seven years with whom defendant CISNEROS was bound by affection, influence, common interests, and obligation, when in truth and fact, as defendant CISNEROS then well knew, defendant CISNEROS had had close and continuing contact within the previous seven years with Inadmissible Alien, a foreign national with whom defendant CISNEROS was bound by affection, influence, common interests, and obligation.

COUNT FIVE

[18 U.S.C. § 1001]

23. The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 16 of this First Superseding Indictment as though fully set forth herein.

24. On or about November 20, 2014, in Riverside County, within the Central District of California, and elsewhere, defendant FELIX CISNEROS, JR. ("CISNEROS") knowingly and willfully made a materially false, fictitious, and fraudulent statement in a matter within the jurisdiction of the executive branch of the government of the United States, specifically, the United States Department of Justice, the United States Department of Homeland Security, and the United States Office of Personnel Management, by stating in a personal interview pertaining to his federal employment and background investigation that defendant CISNEROS had had no close and continuing contact with a foreign national other than his cousin within the previous seven years with whom defendant CISNEROS was bound by affection, influence, common interests, and obligation, when in truth and fact, as defendant CISNEROS then well knew, defendant CISNEROS had had close and continuing contact within the previous seven years with Inadmissible Alien, a foreign national with whom defendant CISNEROS was bound by affection, influence, common interests, and obligation.

COUNT SIX

[18 U.S.C. § 1512(b)(3)]

25. The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 16 of this First Superseding Indictment as though fully set forth herein.

26. On or about May 12, 2016, in Los Angeles County, within the Central District of California, defendant FELIX CISNEROS, JR. ("CISNEROS"), knowingly and with the intent to hinder, delay, and prevent the communication to law enforcement officers of information relating to the commission and possible commission of Federal offenses, namely, conspiracy to aid and assist an alien convicted of an aggravated felony to enter the United States, in violation of Title 18, United States Code, Section 371, and prosecuting a claim affecting the United States as a public official, in violation of Title 18, United States Code, Section 205, attempted to intimidate, threaten, and corruptly persuade Inadmissible Alien by threatening to "bury" Inadmissible Alien if Inadmissible Alien told anyone about a plan for defendant CISNEROS to aid and assist Inadmissible Alien to physically re-enter the United States from Mexico.

13

Case 2:21-cr-00051-RGK Document 64-2 Filed 04/14/22 Page 15 of 17 Page ID #:311
Case 2:17-cr-00229-CAS Document 60 Filed 12/19/17 Page 14 of 16 Page ID #:389

COUNT SEVEN

[18 U.S.C. § 1512(b)(3)]

27. The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 16 of this First Superseding Indictment as though fully set forth herein.

28. On or about October 12, 2016, in Los Angeles County, within the Central District of California, defendant FELIX CISNEROS, JR. ("CISNEROS"), knowingly and with the intent to hinder, delay, and prevent the communication to law enforcement officers, including at least supervisory FBI Special Agents and DHS Office of Inspector General ("OIG") Special Agents, of information relating to the commission and possible commission of Federal offenses, namely, violent crime in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a), conspiracy to aid and assist an alien convicted of an aggravated felony to enter the United States, in violation of Title 18, United States Code, Section 371, and prosecuting a claim against the United States as a public official, in violation of Title 18, United States Code, Section 205, engaged in misleading conduct towards another person, namely, FBI Special Agent Sean Sterle. Specifically, defendant CISNEROS made the following statements while knowingly and intentionally omitting at least the following corresponding information from his statement to FBI Special Agent Sterle, who was audio recording the interview for purpose of transmitting it to other federal law enforcement agents, including FBI and DHS OIG Special Agents assigned to investigate defendant CISNEROS, thereby causing a portion of his statements to be misleading:

| Misleading Statements | Intentionally Omitted Information |
|---|---|
| Defendant CISNEROS indicated he was unaware of facts suggesting Individual A was involved in criminal activity. | • In or about August 2013, Individual A had asked defendant CISNEROS to assist Inadmissible Alien, whom defendant CISNEROS believed to have sustained at least one criminal conviction for a crime of moral turpitude and at least one conviction for an aggravated felony, to re-enter the United States.<br><br>• Defendant CISNEROS had run queries regarding Individual A and his associates in a DHS law enforcement database more than ten times with no legitimate law enforcement purpose. Certain of those queries occurred contemporaneously with Individual A's international travel and were made with the purpose of determining whether Individual A had been referred to secondary inspection upon entering the United States and what the results were of any secondary inspection.<br><br>• A DHS law enforcement database contained multiple references to possible violations of federal criminal law by Individual A from federal law enforcement agencies and from at least one foreign agency.<br><br>• Defendant CISNEROS had traveled to Las Vegas, Nevada, on a private plane owned by Individual A or Individual B, and his accommodations in Las Vegas were paid for by Individual A or Individual B |
| Defendant CISNEROS indicated he was unaware of Individual B engaging in unusual activity. | • Between on or about November 15, 2015, and on or about September 23, 2016, Individual B paid over $25,000 towards amounts due on defendant CISNEROS's personal credit cards. |

| Misleading Statements | Intentionally Omitted Information |
|---|---|
| Before Individual D's death, Individual C had provided information about Individual D's criminal activity to defendant CISNEROS. | • Individual C was a close associate of Individual A.<br>• On or about July 13, 2011, defendant CISNEROS ran queries regarding Individual A and Individual C in a DHS law enforcement database with no legitimate law enforcement purpose, and learned that, in or about June 2011, Individual A and Individual C traveled together to Istanbul, Turkey. |

A TRUE BILL

/S/
_____
Foreperson

SANDRA R. BROWN
Acting United States Attorney

[signature]

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and
Civil Rights Section

DANIEL J. O'BRIEN
Assistant United States Attorney
Deputy Chief, Public Corruption
and Civil Rights Section

THOMAS D. STOUT
SHEILA NAGARAJ
Assistant United States Attorneys
Public Corruption and Civil
Rights Section

16