TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
Assistant United States Attorney
Acting Deputy Chief, Public Corruption and Civil Rights Section
MICHAEL J. MORSE (Cal. Bar No. 291763)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
      1500/1100/1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:  (213) 894-6077/7367/0304
      Facsimile:  (213) 894-7631
      E-mail:     ruth.pinkel@usdoj.gov
                  michael.morse@usdoj.gov
                  juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-51(A)-RGK |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR PROSECUTORIAL MISCONDUCT (Dkt. 82) |
| v. | |
| FELIX CISNEROS, JR., | Hearing Date: June 6, 2022 |
| Defendant. | Hearing Time: 1:30 |
| | Location:   Courtroom of the Honorable R. Gary Klausner |

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Ruth C. Pinkel,

Michael J. Morse, and Juan M. Rodriguez, hereby files its opposition

to defendant's motion to dismiss for prosecutorial misconduct (Dkt.

82).

1     This opposition is based upon the attached memorandum of points

2 and authorities, the files and records in this case, and such further

3 evidence and argument as the Court may permit.

4  Dated: May 16, 2022          Respectfully submitted,

5                     TRACY L. WILKISON
United States Attorney

6

7                     SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

8

9                            */s/*

10                     RUTH C. PINKEL
MICHAEL J. MORSE

11                     JUAN M. RODRIGUEZ
Assistant United States Attorneys

12                     Attorneys for Plaintiff
UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.   INTRODUCTION**

3        Following his conviction on all counts at the end of a five-day

4   jury trial, defendant FELIX CISNEROS, JR. ("defendant") seeks

5   extraordinary relief to which he is not entitled based on specious

6   claims of prosecutorial misconduct, which lack specificity or

7   sufficient legal bases.  Without much detail, defendant cites modest

8   discovery productions he received from the government that largely

9   consisted of (1) notes taken during witness preparation sessions

10   close to trial, (2) reproductions of materials already produced to or

11   otherwise in the possession of defendant, but reproduced in an

12   abundance of caution, and (3) reports relating to a non-testifying

13   witness.  Defendant's motion is without merit.  It should be denied.

14   **II.  RELEVANT FACTUAL BACKGROUND**

15        On December 23, 2021, the government produced an FBI interview

16   report of cooperating witness E.S. at discovery Bates No. 100469-

17   100473.  (Declaration of Michael J. Morse, ¶ 2.)  That report

18   detailed E.S.'s initial claim that he had loaned the defendant money

19   as a favor, without any corrupt intent (i.e., that defendant would

20   utilize his resources as a federal law enforcement officer in return

21   for monies paid by E.S.)  (Id.)  On April 20, 2022, the government

22   reproduced that report, along three additional reports of interviews

23   with E.S.  (Id.)  All of these reports had been previously produced

24   to defendant in United States v. Cisneros, 17-229(A)-CAS ("Cisneros

25   I").  (Id.)

26        On April 24, 2022, the government produced additional discovery

27   to the defendant, largely consisting of statements of a non-

28

1  testifying witness, photographs, and agent notes taken during witness
2  preparation sessions held days earlier.  (Id. at ¶ 3.)

3      On April 25, 2022, the government produced additional discovery
4  to the defendant, largely consisting of statements of a non-
5  testifying witness, agent notes taken during witness preparation
6  sessions held days earlier, as well as draft summary charts based on
7  previously produced discovery.  (Id. ¶ 4.)

8      At trial, during E.S.'s direct testimony, the government
9  affirmatively elicited testimony regarding E.S.'s prior statements
10 regarding "loans" given to the defendant.  (Id. ¶ 9.)  On cross-
11 examination, defense counsel also questioned E.S. regarding E.S.'s
12 prior claims that monies given to the defendant were mere loans.
13 (Id.)  Defense counsel also attempted to elicit testimony from
14 government witness FBI Special Agent Michael Torbic regarding E.S.'s
15 prior statements that E.S. had loaned defendant money without any
16 corrupt intent.  (Id.)  Defendant also called FBI Special Agent Brian
17 Adkins and attempted to elicit similar testimony regarding E.S.'s
18 previous statements.  (Id.)  Finally, defense counsel, during closing
19 arguments, argued that E.S.'s testimony should not be believed
20 because, *inter alia*, E.S. had previously claimed monies he gave to
21 defendant were mere loans.  (Id.)

22 **III. ARGUMENT**

23     **A.   Applicable Standard Under Brady**

24     "[U]nder Brady a defendant is entitled to evidence both
25 favorable to the accused and material either to guilt or to
26 punishment.  Brady evidence can be favorable either because it is
27 exculpatory or impeaching." United States v. Bundy, 968 F.3d 1019,
28 1031 (9th Cir. 2020).  To find a Brady violation, a court must find

1   both that the government either "willfully or inadvertently failed to

2   produce the evidence" and that "the suppression . . . prejudiced the

3   defendant." Id.   In other words, there are three elements to a Brady

4   claim: (1) "the evidence at issue must be favorable to the accused";

5   (2) "the evidence must have been suppressed by the government

6   willfully or inadvertently"; and (3) "there must be a finding that

7   prejudice must have ensued." United States v. Jernigan, 492 F.3d

8   1050, 1053 (9th Cir. 2007) (en banc).   Elements one and three --

9   whether the evidence at issue was "favorable to the accused" and

10  whether there was prejudice – depend on the nature of the evidence

11  and the effect of the nondisclosure.   As a result, these factors are

12  more case-specific than the second element.

13       The second element -- suppression by the government -- is

14  somewhat less fact-specific than elements one and three.   Whether

15  evidence is considered to have been "suppressed" by the government in

16  a given situation has been the subject of many opinions by the

17  Supreme Court and the Ninth Circuit.   It is axiomatic that, "in order

18  for a Brady violation to have occurred, the evidence at issue must

19  have been suppressed by the State." United States v. Price, 566 F.3d

20  900, 907 (9th Cir. 2009) (quotations omitted)).   "Suppression" of

21  exculpatory evidence occurs "where it is known to the State and not

22  disclosed to the defendant." Comstock v. Humphries, 786 F.3d 701,

23  709 (9th Cir. 2015).   However, "if the means of obtaining the

24  exculpatory evidence has been provided to the defense, the Brady

25  claim fails." United States v. Dupuy, 760 F.2d 1492, 1502 (9th Cir.

26  1985); see also Spencer v. Coursey, No. 2:18-CV-00126-AC, 2020 WL

27  10505228, at *11 (D. Or. Mar. 26, 2020) ("Brady applies only to

28  evidence unknown to the defendant at the time of the trial.").

Indeed, the Ninth Circuit has repeatedly held that "where the defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence, the Government does not commit a Brady violation by not bringing the evidence to the attention of the defense." Raley v. Ylst, 470 F.3d 792, 804 (9th Cir. 2006). Accordingly, the government does not "suppress" evidence where the evidence at issue is "equally and readily available to defense counsel." Diep v. Cate, 749 F. App'x 534, 536 (9th Cir. 2018); see also United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991) ("When, as here, a defendant has enough information to be able to ascertain the supposed Brady material on his own, there is no suppression by the government.").

Similarly, even if the defense does not actually know of the specific information at issue, there is no suppression if "defendant has enough information to be able to ascertain the supposed Brady material on his own" so long as "there was no government action to throw the defendant off the path of the alleged Brady information." United States v. Bond, 552 F.3d 1092, 1095-96 (9th Cir. 2009) (government did not suppress witness's testimony by failing to call him after indicating it would where defense knew both of witness's existence and substance of likely testimony because it received transcripts of witness's earlier testimony); see also Raley, 470 F.3d at 804 (no Brady violation from failure to disclose exculpatory evidence contained in defendant's medical records because defendant had the "salient facts regarding the existence of the records that he claims were withheld"); Aichele, 941 F.2d at 764 (no suppression of witness's file "under the control of California officials" because when "a defendant has enough information to be able to ascertain the

4

supposed <u>Brady</u> material on his own, there is no suppression by the government").

Moreover, there is no <u>Brady</u> violation if the material is disclosed "at a time when disclosure would be of value to the accused." <u>United States v. Gordon</u>, 844 F.2d 1397, 1403 (9th Cir. 1988). "<u>Brady</u> merely requires the government to turn over the evidence in time for it to be of use at trial." <u>United States v. Fernandez</u>, 231 F.3d 1240, 1248 n.5 (9th Cir. 2000); <u>see</u> <u>United States v. Wilson</u>, 160 F.3d 732, 742 (D.C. Cir. 1998) (new trial "rarely warranted" if information obtained "in time to make use of it").

**B.  Applicable Standard for Dismissal under Due Process Clause and the Court's Supervisory Powers**

Defendant seeks dismissal of the Indictment under the Due Process Clause of the Fifth Amendment and under the Court's supervisory powers.  As his motion concedes, and as the case law makes plain, dismissal under either theory is only warranted when there was outrageous government misconduct.  Indeed, "[a]n indictment can be dismissed [for due process violations] only where the government's conduct is so grossly shocking and so outrageous as to violate the universal sense of justice." <u>United States v. Pedrin</u>, 797 F.3d 792, 795-96 (9th Cir. 2015) (quotations omitted)). Similarly, although a court "can dismiss an indictment under its supervisory powers even if the conduct does not rise to the level of a due process violation," <u>United States v. Bundy</u>, 968 F.3d 1019, 1030 (9th Cir. 2020) (quotations omitted), the court may do so "only if there is '(1) flagrant misbehavior and (2) substantial prejudice,'" <u>id.</u> at 1031 (quoting <u>United States v. Kearns</u>, 5 F.3d 1251, 1253 (9th Cir. 1993)); <u>see also</u> <u>id.</u>  ("Only where the government withheld Brady

material through 'flagrant misconduct,' causing 'substantial prejudice' to the accused, will justify the court's exercise of its supervisory powers to dismiss the case with prejudice.")

Accordingly, under either theory, defendant must demonstrate that the government committed flagrant or outrageous misconduct (in addition to establishing prejudice).  See Pedrin, 797 F.3d at 795-96; Bundy, 968 F.3d at 1031; Kearns, 5 F.3d at 1253, 1255 (holding that even though the government's conduct "may have been negligent, or even grossly negligent," it did not rise to the level of flagrant misconduct); see also United States v. Kohring, 637 F.3d 895, 912-13 (9th Cir. 2011) ("The government clearly should have disclosed a substantial amount of the information in question.  However, we do not have sufficient evidence to conclude the prosecution acted flagrantly, willfully, and in bad faith.  As a result, we do not exercise our supervisory authority by dismissing the Superceding Indictment."); United States v. Chapman, 524 F.3d 1073, 1085 (9th Cir. 2008) ("[A]ccidental or merely negligent governmental conduct is insufficient to establish flagrant misbehavior."); United States v. Doe, 125 F.3d 1249, 1257 (9th Cir. 1997) ("This [standard for the court's supervisory power to dismiss an indictment] is a high standard, limiting the availability of the defense to extreme cases, and even in some of the most egregious situations it has not been met."); United States v. Toilolo, 666 F. App'x 618, 620 (9th Cir. 2016) ("'extremely high' due process dismissal standard" not met even where the prosecution was "sloppy, inexcusably tardy, and almost grossly negligent").

also United States v. Kohring, 637 F.3d 895, 912–13 (9th Cir. 2011) ("The government clearly should have disclosed a substantial amount of the information in question.  However, we do not have sufficient evidence to conclude the prosecution acted flagrantly, willfully, and in bad faith. As a result, we do not exercise our supervisory authority by dismissing the Superseding Indictment."); United States v. Chapman, 524 F.3d 1073, 1085 (9th Cir. 2008) ("[A]ccidental or merely negligent governmental conduct is insufficient to establish flagrant misbehavior."); United States v. Doe, 125 F.3d 1249, 1257 (9th Cir. 1997) ("This [standard for the court's supervisory power to dismiss an indictment] is a high standard, limiting the availability of the defense to extreme cases, and even in some of the most egregious situations it has not been met."); United States v. Toilolo, 666 F. App'x 618, 620 (9th Cir. 2016) ("'extremely high' due process dismissal standard" not met even where the prosecution was "sloppy, inexcusably tardy, and almost grossly negligent").

### C. Defendant's Motion to Dismiss Fails Because There Was No Brady Violation, Let Alone Outrageous Misconduct

Defendant claims the government has "engaged in activities which stain the reputation of the government and frustrate the justice system of the United States."  (Mot. at 9.)  This Court should be unpersuaded by defendant's hyperbole.  The defendant fails to put forth even a prima facie showing that a Brady violation occurred.  Defendant cites an "FBI report of an interview of [E.S.] who had stated that he had 'loaned' money to the defendant."  (Mot. at 8.) But defendant received discovery on this issue in December 2021, well before trial.  Indeed, in at least one of defendant's previous filings in this case, defendant attached an FBI report of an E.S.

1   interview where E.S. claimed to have loaned the defendant money

2   without any corrupt intent.  (See Dkt. 57, at 11, defendant's motion

3   to dismiss the First Superseding Indictment, denied by this Court as

4   frivolous on April 26, 2022 Dkt. 80.)  Thus, defendant has failed to

5   show that there was any evidence suppressed by the government under

6   Brady, let alone evidence that he was prejudiced by such a

7   suppression.  Moreover, there is no Brady violation if the material

8   is disclosed "at a time when disclosure would be of value to the

9   accused."  United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir.

10  1988).  That is because "Brady merely requires the government to turn

11  over the evidence in time for it to be of use at trial."  United

12  States v. Fernandez, 231 F.3d 1240, 1248 n.5 (9th Cir. 2000); see

13  United States v. Wilson, 160 F.3d 732, 742 (D.C. Cir. 1998) (new

14  trial "rarely warranted" if information obtained "in time to make use

15  of it").

16       Here, the government affirmatively elicited testimony regarding

17  E.S.'s prior inconsistent statements.  Defense counsel also

18  highlighted E.S.'s prior statements regarding alleged loans to

19  defendant on cross examination of E.S., FBI Special Agent Michael

20  Torbic, and direction examination of defense witness FBI Special

21  Agent Brian Adkins.  Defense counsel also argued this point to the

22  jury.  Thus, not only did the government turn over the evidence cited

23  by defendant in time for his use at trial, but the defendant actually

24  used the evidence at trial (and in pretrial filings).

25       Similarly unavailing are defendant's naked references to

26  discovery productions he received in the days before trial.

27  Discovery productions cited by defendant largely consisted of

28  materials already produced to him, agent notes taken during witness

                                    8

preparation sessions held days before their production, and interview reports regarding a non-testifying witness.  Defendant fails to cite to any conduct "so outrageous as to violate the universal sense of justice."  <u>Pedrin</u>, 797 F.3d, at 795-96.  Nor can he.

**IV.   Conclusion**

For the foregoing reasons, the government respectfully requests that the Court deny defendant's motion to dismiss.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MICHAEL J. MORSE

I, Michael J. Morse, declare as follows:

1.   I am one of the Assistant United States Attorneys assigned to handle the matter of United States v. Felix Cisneros, Jr., CR No. 21-51(A)-RGK.  I make this declaration in support of the government's Opposition to Defendant's Motion to Dismiss for Prosecutorial Misconduct.

2.   On or about December 23, 2021, an FBI report that documented statements by E.S. that he "loaned" money to defendant was produced as Bates No. 100469 to 100473.  On April 20, 2022, the government reproduced that report, along three additional reports of interviews with E.S.  (Id.)  All of these reports had been previously produced to defendant in United States v. Cisneros, 17-229(A)-CAS ("Cisneros I").  (Id.)  Attached hereto as Exhibit A is the April 20, 2022 email in which the government advised defense counsel that the production of Bates Nos. 4888721 to 488735 included at least one report previously produced, specifically the report at Bates No. 100469 to 100473.

3.   The discovery produced on April 24, 2022, Bates Nos. 489078-489110, largely consisted of statements of a non-testifying witness (J.B.), photographs, and notes from witness preparation sessions conducted only days earlier (e.g., April 22 and 23, 2022).

4.   The discovery produced on April 25, 2022, Bates Nos. 489111-489199, largely consisted of statements of a non-testifying witness (J.B.), notes from witness preparation sessions conducted days prior to production, as well as summary charts (e.g., Bates Nos. 489114-129, 489135-186) based on previously produced discovery. Attached as Exhibit B is a Production Index, with some slight

redactions, describing the documents produced on April 21 through
April 28, 2022.

  5.  On April 27, 2022, the government held witness preparation
sessions with the following witnesses:  1) J. Lujan, and (2) R.
Gonzalez.  On the morning of April 28, 2022, the government produced
agent notes taken during those preparation sessions.  On the morning
of April 28, 2022, the government spoke with witness A. Correia
before his testimony.  Mr. Correia provided information consistent
with his previous statements, all of which had been produced to
defendant.  An agent was present and took notes.  Lujan, Gonzalez and
Correia later testified on April 28, 2022.  On the evening of April
28, 2022, the government produced, *inter alia*, agent notes taken
during the April 28, 2022 morning witness preparation of Correia.
The government also reproduced to defendant agent notes taken during
the April 27, 2022, preparation sessions of Lujan and Gonzalez.  On
April 29, 2022, the government informed defense counsel that it was
making Lujan, Gonzalez and Correia available to defense to be
recalled, in case defense had additional questions for them based on
interview notes defense had received.  Defense counsel told
government counsel he did not wish to question the witnesses
further[1].

  6.  On April 24, 2022, the government produced agent notes
taken during the interview of Michael D. Cole, a witness from the
United States Department of State.  During trial, defense counsel

---

[1] Interview reports for Lujan and Gonzalez dated February 2021,
with attached documents, were produced in discovery on September 30,
2021.  Trial preparation interview reports, with attached documents,
for Lujan, Gonzalez, and Correia, for December 2021 trial preparation
interviews for the-then January 26, 2022 trial, were produced on
December 29, 2021.

objected to the government calling Michael D. Cole, who the

government believed relevant to lay the necessary foundation for

certified State Department records, produced in discovery on December

23, 2021 at bates numbers 10720-107071.  Defense counsel alleged that

defense had no notice of the government's intention to call M. Cole,

and no discovery as to Mr. Cole.  However, the witness list provided

to defense counsel listed "State Department" under the heading

"Document Custodians," and the government produced interview notes of

Mr. Cole on April 24, 2022.  The government's Trial Memorandum, filed

on April 21, 2022, also stated that the government would call a

United States Department of State witness to lay foundation and

further certify certain State Department records related to D.K. and

W.R.  (See Dkt. 74.)

        7.  On or about April 29, 2022, the Court struck M. Cole as a

witness.  At that point, M. Cole had only testified about his

training and experience.

        8.  At trial, during E.S.'s direct testimony, the government

affirmatively elicited testimony regarding E.S.'s prior statements

regarding "loans" given to the defendant.  On cross-examination,

defense counsel also questioned E.S. regarding E.S.'s prior claims

that monies given to the defendant were mere loans.  Defense counsel

also attempted to elicit testimony from government witness FBI

Special Agent Michael Torbic regarding E.S.'s prior statements that

E.S. had loaned defendant money without any corrupt intent.

Defendant also called FBI Special Agent Brian Adkins and attempted to

elicit similar testimony regarding E.S.'s previous statements

regarding loans E.S. allegedly made to the defendant.  Finally,

defense counsel, during closing arguments, argued that E.S.'s

testimony should not be believed because, *inter alia*, E.S. had previously claimed monies he gave to defendant were mere loans.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and that this declaration is executed at Los Angeles, California, on May 16, 2022.

                                    */s/ Michael J. Morse*
                                    MICHAEL J. MORSE

# EXHIBIT A

| | |
|---|---|
| **From:** | Pinkel, Ruth (USACAC) |
| **To:** | Anahit Keshishyan; Morse, Michael (USACAC); Rodriguez, Juan (USACAC); George Mgdesyan |
| **Subject:** | RE: [EXTERNAL] Felix Cisneros Jr. 21CR00051-Cisneros I interview reports uploaded to USAFx |
| **Date:** | Wednesday, April 20, 2022 2:25:00 PM |

Anahit & George,

A short while ago, Ms. Quach uploaded the Cisneros I Sargsyan-related interview reports to USAFx and sent a notice to you.  These reports are bates numbered between 4888721 to 488735.  <u>Please note</u>:  at least one of these reports was previously produced to you in discovery at Bates 100469 to 73 (Cis I 32556-60).

We are working on locating and producing the other report you mentioned.

Thank you,

Ruth

**From:** Anahit Keshishyan <Anahit@mgdesyanlaw.com>
**Sent:** Wednesday, April 20, 2022 11:06 AM
**To:** Morse, Michael (USACAC) <MMorse@usa.doj.gov>; Pinkel, Ruth (USACAC)
<RPinkel@usa.doj.gov>; Rodriguez, Juan (USACAC) <JRodriguez@usa.doj.gov>; George Mgdesyan
<george@mgdesyanlaw.com>
**Subject:** RE: [EXTERNAL] Felix Cisneros Jr. 21CR00051

Hi Michael,

Please provide us with the interviews we discussed along with any other outstanding interviews or evidence pursuant to Brady, Jenicks, etc.

Thank you,


*Anahit Keshishyan*
*Legal Assistant*
*Mgdesyan Law Firm*
*4529 Sherman Oaks Ave.*
*Sherman Oaks, CA 91403*
*PH: 818-386-6777*
*FAX: 818-754-6778*


<u>***CONFIDENTIALITY NOTICE***</u>
*This email, and any documents attached hereto, are intended only for use by the addressee(s) named above and may contain information that is legally privileged and/or confidential. If you are not the intended recipient of this e-mail, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this e-mail, and any of the attachments hereto,*

*is strictly prohibited. If you have received this e-mail in error, please immediately notify our office (collect calls will be accepted) to arrange for the return of the documents to us, at our expense.*

---

**From:** Morse, Michael (USACAC) <Michael.Morse@usdoj.gov>
**Sent:** Wednesday, April 20, 2022 11:02 AM
**To:** Anahit Keshishyan <anahit@mgdesyanlaw.com>; Pinkel, Ruth (USACAC) <Ruth.Pinkel@usdoj.gov>; Rodriguez, Juan (USACAC) <Juan.Rodriguez@usdoj.gov>; George Mgdesyan <george@mgdesyanlaw.com>
**Subject:** RE: [EXTERNAL] Felix Cisneros Jr. 21CR00051

Hi Anahit,

Thank you for your email.  There are actually two interviews of Sargsyan dated 9/12/2017.  We have the one to which you referred, along with other Sargsyan reports from the Cisneros I case already marked to produce in discovery to you shortly (at least one of these reports was already produced in discovery).  We can have Ms. Quach upload that portion of the discovery to USAFx today.

With respect to the Balian interview you refer to, dated June 21, 2017, it looks like you have it from the Cisneros I discovery, but we can re-produce it to you in this case as well.  Please let us know your preference.

Thank you,

Ruth


Best,


Michael J. Morse | Assistant United States Attorney
United States Attorney's Office | Central District of California
United States Courthouse, Suite 1100 | 312 N. Spring Street | Los Angeles, CA 90012
T: 213.894.7367 | F: 213.894.0141 | Michael.Morse@usdoj.gov

---

**From:** Anahit Keshishyan <anahit@mgdesyanlaw.com>
**Sent:** Tuesday, April 19, 2022 1:48 PM
**To:** Pinkel, Ruth (USACAC) <RPinkel@usa.doj.gov>; Morse, Michael (USACAC) <MMorse@usa.doj.gov>; Rodriguez, Juan (USACAC) <JRodriguez@usa.doj.gov>; George Mgdesyan <george@mgdesyanlaw.com>
**Subject:** [EXTERNAL] Felix Cisneros Jr. 21CR00051

Counsel,

Per Mr. Mgdesyan's conversation with you over the telephone, we recently discovered the following two 302 reports of interviews that were not provided by the government in the 16 discovery productions thus far. The bates numbers do not correspond to the productions in this case.

1. Interview of Sargsyan pursuant to proffer agreement on 9/12/2017 conducted at the U.S. Attorney's office (BATES 32665-68); and

2. Interview of Balian on 6/21/2017 conducted by SA Brian Adkins and SALeonard V'Dovec (BATES 035201-03).

If you have any questions, please feel free to contact Mr. Mgdesyan on his cell.

Thank you,

*Anahit Keshishyan*
*Legal Assistant*
*Mgdesyan Law Firm*
*4529 Sherman Oaks Ave.*
*Sherman Oaks, CA 91403*
*PH: 818-386-6777*
*FAX: 818-754-6778*

**_CONFIDENTIALITY NOTICE_**
*This email, and any documents attached hereto, are intended only for use by the addressee(s) named above and may contain information that is legally privileged and/or confidential. If you are not the intended recipient of this e-mail, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this e-mail, and any of the attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify our office (collect calls will be accepted) to arrange for the return of the documents to us, at our expense.*

# EXHIBIT B

Cisneros Production Index, Prod 18-22, April 21-28, 2022

| PRODUCTION NO. | DESCRIPTION        Produced April 21, 2022 | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|---|
| 018 | OIG - DHS Investigative Report - MOA (Original Cis 1 Production Bates - US_00000224-226) | USAO_00488721 | USAO_00488723 |
| 018 | FBI - FD-302 - Reports of Interviews Regarding Edgar Sargsyan (2017.06.01) (Original Cis 1 Production Bates - US_00032555) - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER  (Cis. I)** | USAO_00488724 | USAO_00488724 |
| 018 | FBI - FD-302 - Reports of Interviews Regarding Edgar Sargsyan (2017.05.31) (Original Cis 1 Production Bates - US_00032556-00032560) - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER  (Cis. I)** | USAO_00488725 | USAO_00488729 |
| 018 | FBI - FD-302 - Reports of Interviews Regarding Edgar Sargsyan (2017.08.16) (Original Cis 1 Production Bates - US_00032583-00032584) - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER  (Cis. I)** | USAO_00488730 | USAO_00488731 |
| 018 | FBI - FD-302 - Reports of Interviews Regarding Edgar Sargsyan (2017.09.12) (Original Cis 1 Production Bates - US_00032665-00032668) - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER  (Cis. I)** | USAO_00488732 | USAO_00488735 |
| 018 | FBI Transcript - Recorded Call Between Cisneros & CS (May 11th - June 1st, 2016) (Original Cis 1 Production Bates - US_033727-033755) - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER  (Cis. I)** | USAO_00488736 | USAO_00488764 |
| 018 | FBI Transcript - Recorded Call Between Cisneros & CS (May 12, 2016) (Original Cis 1 Production Bates - US_033675-033726) - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER (Cis. I)** | USAO_00488765 | USAO_00488816 |
| 018 | FBI Transcript - Recorded Call Between Cisneros & CS (August 30, 2016) (Original Cis 1 Production Bates - US_033756-033798) - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER (Cis. I)** | USAO_00488817 | USAO_00488859 |
| 018 | FBI Transcript - Recorded Meeting Between SA Sterle, LAPD Detective Jackson, and Cisneros (October 12, 2016) -  (Cis. I) 1D10 & 1D11 -  **(Cis. I) (Original Cis 1 Production Bates - US_033818-033862)** | USAO_00488860 | USAO_00488904 |
| 018 | FBI Transcript - Recorded Call Between Cisneros & SA Sterle (October 13, 2016)-  (Cis. I) 1D9 - **(Cis. I)** (Original Cis 1 Production Bates - US_033809-033817) | USAO_00488905 | USAO_00488913 |
| 018 | FBI Transcript - Recorded Call Between Cisneros & SA Sterle (October 13, 2016)-  (Cis. I) 1D8 - **(Cis. I)** (Original Cis 1 Production Bates - US_033799-033808) | USAO_00488914 | USAO_00488923 |
| 018 | FBI Transcript - Recorded Call Between Cisneros & SA Sterle (January 24, 2017)-  (Cis. I) 1D13 - **(Cis. I)** (Original Cis 1 Production Bates - US_033863-033882) | USAO_00488924 | USAO_00488943 |
| 018 | Audio/Video Recording of March 22, 2017 Voluntary Interview of Cisneros (Cis. I) (US_REC001.mpg) | USAO_00488944 | USAO_00488944 |
| 018 | Audio Recording of May 12, 2016 Meeting Between Cisneros and CI  (Cis. I) (US_REC002.wav) | USAO_00488945 | USAO_00488945 |
| 018 | Audio Recording of May 12, 2016 Meeting Between Cisneros and CI  (Cis. I) (US_REC003.wav) | USAO_00488946 | USAO_00488946 |
| 018 | Audio Recording of May 12, 2016 Meeting Between Cisneros and CI  (Cis. I) (US_REC004.wav) | USAO_00488947 | USAO_00488947 |
| 018 | Audio Recording of May 11, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC005.wav) | USAO_00488948 | USAO_00488948 |
| 018 | Audio Recording of May 11, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC006.wav) | USAO_00488949 | USAO_00488949 |

Cisneros Production Index, Prods 18-22

| PRODUCTION NO. | DESCRIPTION | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|---|
| 018 | Audio Recording of May 12, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC007.wav) | USAO_00488950 | USAO_00488950 |
| 018 | Audio Recording of May 13, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC008.wav) | USAO_00488951 | USAO_00488951 |
| 018 | Audio Recording of May 14, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC009.wav) | USAO_00488952 | USAO_00488952 |
| 018 | Audio Recording of May 14, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC0010.wav) | USAO_00488953 | USAO_00488953 |
| 018 | Audio Recording of May 14, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC0011.wav) | USAO_00488954 | USAO_00488954 |
| 018 | Audio Recording of May 27, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC0012.wav) | USAO_00488955 | USAO_00488955 |
| 018 | Audio Recording of June 1, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC0013.wav) | USAO_00488956 | USAO_00488956 |
| 018 | Audio Recording of August 30, 2016 Meeting Between Cisneros and CI (Cis. I) (US_REC0014.wav) | USAO_00488957 | USAO_00488957 |
| 018 | Audio Recording August 25, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC0015.wav) | USAO_00488958 | USAO_00488958 |
| 018 | Audio Recording of September 1, 2016 Call Between Cisneros and CI  (Cis. I) (US_REC0016.wav) | USAO_00488959 | USAO_00488959 |
| 018 | Audio Recording of October 6, 2016 Call Between Cisneros and Undercover  (Cis. I) (US_REC0017.wav) | USAO_00488960 | USAO_00488960 |
| 018 | Audio Recording of October 13, 2016 Call Between Defendant and Undercover  (Cis. I) (US_REC0018.wav) | USAO_00488961 | USAO_00488961 |
| 018 | Audio Recording of October 12, 2016 Meeting Between Cisneros and Undercover  (Cis. I) (US_REC0019.wav) | USAO_00488962 | USAO_00488962 |
| 018 | Audio Recording of October 12, 2016 Meeting Between Cisneros and Undercover  (Cis. I) (US_REC0020.wav) | USAO_00488963 | USAO_00488963 |
| 018 | Audio Recording of October 12, 2016 Meeting Between Cisneros and Undercover (Cis. I) (US_REC0021.wav) | USAO_00488964 | USAO_00488964 |
| 018 | Audio Recording of October 12, 2016 Meeting Between Cisneros and Undercover  (Cis. I) (US_REC0022.wav) | USAO_00488965 | USAO_00488965 |
| 018 | Audio Recording of October 12, 2016 Call Between Cisneros and Undercover - (Cis. I) (US_REC0023.wav) | USAO_00488966 | USAO_00488966 |
| 018 | Audio Recording of October 12, 2016 Meeting Between Cisneros and Undercover  (Cis. I) (US_REC0024.wav) | USAO_00488967 | USAO_00488967 |
| 018 | Audio Recording of January 24, 2017 Call Between Cisneros and Undercover  (Cis. I) (US_REC0025.wav) | USAO_00488968 | USAO_00488968 |
| 018 | Screenshot Message (To Reppegather) - September 1, 2017 | USAO_00488969 | USAO_00488969 |
| 018 | HSI - MOA - Memorandum of Activity Re: Complaint Letter (2011.02.14) - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER** | USAO_00488970 | USAO_00488988 |
| 018 | Dept. of Homeland Security - OIG - ROI - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER** | USAO_00488989 | USAO_00488992 |
| 018 | FBI-FD-302 Report Regarding Flight Information (2017.06.26) (Cis. I) (USAO_00032569) | USAO_00488993 | USAO_00488993 |
| 018 | Attachment to FBI-FD-302 Report Regarding Flight Information (2017.06.26) (Cis. I) (USAO_00032570-00032582) | USAO_00488994 | USAO_00489006 |
| 018 | Cisneros' Email Re: Requested Subject Information - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER** | USAO_00489007 | USAO_00489007 |

| PRODUCTION NO. | DESCRIPTION | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|---|
| 018 | Attachment to Cisneros' Email Re: Requested Subject Information - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER** | USAO_00489008 | USAO_00489024 |
| 018 | SA Torbic GJ Testimony June 30, 2021 (CR 20-224-BB) - **RULE 6E GJ - CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER** | USAO_00489025 | USAO_00489070 |
| 018 | Cisneros' HSI Emails  (Previously produced within 107285-107295) | USAO_00489071 | USAO_00489071 |
| 018 | Cisneros' HSI Emails  (Previously produced within 107285-107295) | USAO_00489072 | USAO_00489072 |
| 018 | Cisneros' HSI Emails  (Previously produced within 107285-107295) | USAO_00489073 | USAO_00489073 |
| 018 | Cisneros' HSI Emails  (Previously produced within 107285-107295) | USAO_00489074 | USAO_00489074 |
| 018 | Cisneros' HSI Emails  (Previously produced within 107285-107295) | USAO_00489075 | USAO_00489075 |
| 018 | Cisneros' HSI Emails  (Previously produced within 107285-107295) | USAO_00489076 | USAO_00489077 |
| **PRODUCTION 019**   April 24, 2022 | | | |
| 019 | Pillar Law Group Wells Fargo Acct 4494 (October 2015 Statement) - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER** | USAO_00489078 | USAO_00489082 |
| 019 | Dept. of Homeland Security - ROI - Proffer Interview of J⬜⬜ - 2018.06.26  - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER** | USAO_00489083 | USAO_00489087 |
| 019 | FBI FD-302 - J⬜⬜Interview - 2017.06.21-**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER** | USAO_00489088 | USAO_00489090 |
| 019 | Photo | USAO_00489091 | USAO_00489091 |
| 019 | FC to TB Texts (Previous Bates - USAO_00076404 - Page 1935) | USAO_00489092 | USAO_00489092 |
| 019 | Meeting with Mike Cole (State Dept.) - SA Feliciano (Agent Notes) - 2022.04.22 | USAO_00489093 | USAO_00489095 |
| 019 | Meeting with Chief Goetsch (HSI) - SA Feliciano (Agent Notes) - 2022.04.23 | USAO_00489096 | USAO_00489102 |
| 019 | Meeting with Chief Prestwood (CBP OFO) - SA Feliciano (Agent Notes) - 2022.04.22 | USAO_00489103 | USAO_00489103 |
| 019 | MOI - Penny Yung - 2022.04.19 | USAO_00489104 | USAO_00489106 |
| 019 | Edgar Sargsyan Photo - From Robert Dugdale - 2022.04.22 | USAO_00489107 | USAO_00489107 |
| 019 | Edgar Sargsyan Photo - From Robert Dugdale - 2022.04.23 | USAO_00489108 | USAO_00489108 |
| 019 | Edgar Sargsyan Photo - From Robert Dugdale - 2022.04.24 | USAO_00489109 | USAO_00489109 |
| 019 | Edgar Sargsyan Photo - From Robert Dugdale - 2022.04.25 | USAO_00489110 | USAO_00489110 |
| **PRODUCTION 020**    April 25, 2022 | | | |
| 020 | Edgar Sargsyan - Agent Notes 2022.04.24 (no report) | USAO_00489111 | USAO_00489113 |
| 020 | Timeline (Edgar Sargsyan Direct Communication with Felix Cisneros, Jr.) - 2022.04.24 | USAO_00489114 | USAO_00489129 |
| 020 | SA Feliciano (Agent Notes) - 2022.04.24 (no report) | USAO_00489130 | USAO_00489131 |
| 020 | SA Feliciano (Agent Notes) Re: Tom West - ICE OPR - 2022.04.24 (no report) | USAO_00489132 | USAO_00489132 |
| 020 | SA Feliciano (Agent Notes) Re: Woo - 2022.04.24 (no report) | USAO_00489133 | USAO_00489133 |
| 020 | SA Feliciano (Agent Notes) - Ronnie Gonzalez - 2022.04.25 (no report) | USAO_00489134 | USAO_00489134 |
| 020 | Final TECS Summary Chart PPT (includes bates 76215; 76068; various between 105738-107480) | USAO_00489135 | USAO_00489186 |
| 020 | IRS - MOI Diana Flores - Felix Cisneros Jr. - 2022.04.24 | USAO_00489187 | USAO_00489189 |
| 020 | Dept. of Homeland Security - ROI - Proffer Interview of J⬜⬜ - 2018.06.26  (reproduction of 489083-87) - **CONFIDENTIAL INFORMATION - CONTENTS SUBJECT TO PROTECTIVE ORDER** | USAO_00489190 | USAO_00489194 |
| 020 | FBI FD-302 - Edgar Sargsyan Interview - 2022.04.23 | USAO_00489195 | USAO_00489196 |

Cisneros Production Index, Prods 18-22

| PRODUCTION NO. | DESCRIPTION | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|---|
| 020 | Juan Lujan Agent Notes - 2022.04.15 (no report) | USAO_00489197 | USAO_00489197 |
| 020 | Ronald Gonzalez Agent Notes - 2022.04.15 (no report) | USAO_00489198 | USAO_00489198 |
| 020 | Tony Correia Agent Notes - 2022.04.15 (no report) | USAO_00489199 | USAO_00489199 |
| PRODUCTION 021 | April 28, 2022 | | |
| 021 | Agent Notes - Ronnie Gonzales - 2022.04.27 (no report) | USAO_00489200 | USAO_00489202 |
| 021 | Agent Notes - Chief Juan Lujan - 2022.04.27 (no report) | USAO_00489203 | USAO_00489203 |
| 021 | Photo | USAO_00489204 | USAO_00489204 |
| 021 | Photo | USAO_00489205 | USAO_00489205 |
| 021 | Agent Notes - Meeting with Antonio "Tony" Correia - 2022.04.28 (no report) | USAO_00489206 | USAO_00489206 |
| 021 | Agent Notes - Meeting with SA Ronnie Gonzalez - 2022.04.27 (no report) | TRIAL_000001 | TRIAL_000004 |
| PRODUCTION 022 | April 29, 2022 | | |
| 022 | The Government used a different Bates Label for materials produced during Trial.  The following Bates was **INTENTIONALLY OMITTED: 000005-000019** | TRIAL_000005 | TRIAL_000019 |
| | Agent Notes - Meeting with Penny Yung - IRS Revenue Agent, Agent Emails, Exhibit #22, Exhibits #278, 279, 280, 276, 277, Various Documents (Timeline, Summary Charts, etc.) 4.28.22 (no report) | TRIAL_000020 | TRIAL_000140 |
| 022 | Agent Notes - Sean Lunney (.PNG File) 4.29.22 (no report) | TRIAL_000200 | TRIAL_000200 |