George G. Mgdesyan (SBN 225476)
MGDESYAN LAW FIRM
4529 Sherman Oaks Ave.
Sherman Oaks, CA  91403
Telephone: (818) 386-6777
Facsimile: (818) 754-6778
Email: George@Mgdesyanlaw.com

Attorneys for Defendant
FELIX CISNEROS, JR.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### —WESTERN DIVISION—

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>FELIX CISNEROS, JR.,<br><br>　　　Defendant. | ) Case No. 21-CR-51(A)-RGK<br>)<br>) NOTICE OF MOTION AND MOTION<br>) TO VACATE JUDGEMENT AND<br>) ORDER NEW TRAIL BASED UPON<br>) NEWLY DISCOVERED EVIDENCE;<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES; EXHIBITS<br>)<br>) Hearing Date:  October 11 2022<br>)　　　　　Time: 1:30 p.m.<br>)<br>) HON. R. GARY KLAUSNER |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, THE UNITED STATES ATTORNEY, AND ASSISTANT UNITED STATES ATTORNEYS, RUTH C. PINKEL, MICHAEL J. MORSE, AND JUAN M. RODRIGUEZ:**

**PLEASE TAKE NOTICE** that on October 11, 2022, at 1:30 p.m., or as soon thereafter as the motion may be heard, the defendant, Felix Cisneros, Jr., by and

through his counsel of record, George G. Mgdesyan, will move, and hereby does move, the Court to vacate judgement and order new trial based upon newly discovered evidence pursuant to Federal Rules of Criminal Procedure, Rule 33 on all counts charged in the First Superseding Indictment.[1]

This motion is based upon the attached memorandum of points and authorities, the newly-discovered *Brady/*impeachment evidence, the files and records in this case, and on the grounds that the interest of justice so require the requested relief.

Defendant reserves the right to supplement this motion in the event new information comes to light prior to the requested hearing date. For instance, undersigned counsel is awaiting the trial transcripts of Edgar Sargsyan's testimony.

Dated:  September 23, 2022          Respectfully submitted,


                                    /s/ *George G. Mgdesyan*
                                    GEORGE G. MGDESYAN
                                    Attorney for Defendant
                                    FELIX CISNEROS, JR.

---

[1] Defendant previously filed a similar motion challenging the validity of the conviction on only the money laundering charges, which was denied by the Court. See Mot., dkt no.100; Govt's Opp'n, dkt no. 103; Ct. Denial, dkt no. 113. This motion is based upon newly-discovered *Brady/*impeachment evidence concerning the government's main witness at trial, Edgar Sargsyan. In denying the previous motion, the Court relied on the credibility of Sargsyan. Therefore, defendant incorporates by reference his positions in his previous motion and all legal authority cited therein.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

On September 14, 2022, the government disclosed information concerning its main witness at trial, Edgar Sargsyan. See Ex. A, attached hereto. The attached letter explains that Sargsyan has now come forth with new information concerning crimes he had committed in the past; to wit: he paid an attorney, H.M., $140,000 to study and take the California Bar Exam while posing as Sargsyan. Sargsyan further admitted that he created a fictitious driver's license with his name and H.M's photo and instructed H.M. to intentionally smear his fingerprint at the testing site to evade discovery of their criminal behavior. After H.M. successfully passed the exam, Sargsyan gave H.M. a Rolex watch, which was subsequently lost by H.M.

Aside from the obvious implications of Sargsyan's new admissions of criminal conduct and his false testimony at trial, yet another equally impactful issue collaterally affects the jury's verdict: Sargsyan's false portrayal of being a licensed attorney—and thus an Officer of the Court—gave him a certain degree of credibility in the eyes of the jury. It beyond dispute that a juror would be influenced when weighing the credibility of such a witness during sworn testimony.

In addition, Sargsyan also admitted that he was involved in identity theft and credit card fraud at his law firm, Pillar Law Group. This admission demonstrates that

- 1 -

Sargsyan falsely testified during trial as to the extent of his criminal conduct and ultimately lied to the jury when asked if he was completely truthful after he entered into a plea/cooperation agreement with the government. Sargsyan had, as recently as September 11, 2022, maintained that his partners at Pillar Law Group, A.K and H.M., were unaware that Sargsyan was charging stolen credit cards using the law firm's merchant account. Now, Sargsyan states that A.K. and H.M. were co-conspirators who received a portion of the fraudulent funds. Apparently, Sargsyan was trying to protect A.K. and H.M. from criminal prosecution in the past but now has no quarrel in exposing them.

This raises the question of Sargsyan's unknown motive. The defense is currently waiting for a response from the government to a discovery request in this regard. Whether Sargsyan lied previously to the jury under oath and the government in violation of the terms of his plea/cooperation agreement or whether he is lying now about the whole Bar-exam ordeal for punitive retribution upon A.K. and H.M., the net result is that he was not a credible source of information nor a licensed attorney—information that the jury was entitled to know before it rendered its verdicts. Defendant was entitled to know this information to impeach Sargsyan during trial. Sargsyan's testimony was material to each count charged in the indictment, as it was the only evidence presented to establish at least one element of each of the charges.

# II.
# ARGUMENT

A. **Legal Basis**

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a district court has broad discretion and may grant a new trial "if required in the interest of justice." The Ninth Circuit has explained that a "district court's power to grant a motion for new trial is much broader than its power to grant a motion for judgment of acquittal." *United States v. A. Lanoy Alston*, *D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992). "'The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.'" *Id., quoting United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Lincoln*, 630 F.2d at 1319. In other words, a verdict may very well be against the weight of the evidence, but, nevertheless substantial enough to permit reasonable jurors to draw an inference of guilt. However, at a Motion for New Trial, the Court can consider the credibility of witnesses and the weight of the evidence and order a new trial if the

evidence "preponderates sufficiently heavily against the verdict" ensure that there is no miscarriage of justice.

Albeit, a Motion for New Trial based upon "newly discovered evidence is limited to where the newly discovered evidence relates to the elements of the crime charged." *United States v. Hanoum,* 33 F.3d 1128, 1130 (9th Cir. 1994). For instance,

> If the government's case rested entirely on the uncorroborated testimony of a single witness who was discovered after trial to be utterly unworthy of being believed because he had lied consistently in a string of previous cases, the district judge would have the power to grant a new trial in order to prevent an innocent person from being convicted. The "interest in justice," the operative term in Rule 33, would require no less -- as district judges have recognized in granting new trials in such cases.

*United States v. Taglia,* 922 F.2d 413, 415 (7th Cir. 1991)(*followed by United States v. Davis,* 960 F.2d 820, 825 (9th Cir. 1992)).

**B.    Edgar Sargsyan Was the Centerpiece Of the Government's Case-In-Chief, Without Which Elements of Each Crime Charged Could Not Have Been Established**

"In some situations, … the newly-discovered impeachment evidence may be so powerful that, if it were to be believed by the trier of fact, it could render the witness' testimony totally incredible. In such a case, if the witness' testimony were uncorroborated and provided the only evidence of an essential element of the

government's case, the impeachment evidence would be 'material.'" *Davis,* 960 F.2d 825.

There should be no dispute that Sargsyan's testimony and credibility was the centerpiece of the government's case-in-chief. According to the government's own pleadings, Sargsyan provided the criminality of the database searches and, most importantly, the parole letter,[2] without which a guilty verdict on the bribery charges would not have occurred.

So too, without Sargsyan's testimony that the checks sent to defendant's credit cards were bribe payments and not personal loans (as Sargsyan had originally stated), the money laundering charges would have resulted in acquittal. In fact, the Court denied the defendant's previous motion based on Sargsyan's testimony relating to the checks being sent directly to the credit card companies in order to disguise the source of the funds. The Court cited Sargsyan's testimony and credibility in large part as the basis for its denial of defense motions. See Count's orders denying defense motions,

---

[2] The government stated in its opposition brief that, although agents were in possession of the parole letter during the first investigation of the defendant in 2017, they did not realize its criminal nature until Sargsyan informed them that he bribed the defendant to submit the letter on behalf of his, Sargsyan's, relative. See Opp'n, dkt no. 61 at 2. In fact, the government affirmatively took the position that it was Sargsyan's statements that caused them to seek a second prosecution. See, e.g., Govt's Opp'n to Def's Mot to Dismiss on Double Jeopardy and Vindictive Prosecution Grounds, dkt no. 61 at 1-3.

- 5 -

dkt nos. 77, 111, 113. For example, the Court denied defendant's motion under Rule 29 and 33 on the grounds that Sargsyan's testimony was credible. Order, dkt no. 113 at 3. Thus, the element of concealment money laundering could not have been established without Sargsyan's testimony.

Likewise, the false tax return charges could not have been established without first establishing the money laundering charges. The IRS agent testified at trial that, if the payments by Sargsyan were personal loans, defendant was not required under the tax codes to include them in his income tax calculations.[3] Thus, Sargsyan testimony was the only evidence to establish the criminality of this offense.

## III.
## CONCLUSION

Based upon the foregoing, Mr. Cisneros respectfully requests this Court vacate the judgement and order a new trial, as the interest of justice so require the requested relief because the jury was entitled to know the full scope of the witnesses criminal

---

[3] Sargsyan's new admission also impacts the sentencing Guidelines' assessment and the Court's order for money judgement. Sargsyan's testimony serves as the only evidence of an alleged cash payment. He testified that he gave a cash payment in the amount of either $30,000 or $50,000 (Sargsyan was unable to remember the actual amount) to John Balian to give to Mr. Cisneros. Sargsyan claimed that he confirmed with Balian that Mr. Cisneros did receive the cash, but Sargsyan, despite being in contact with Mr. Cisneros, stated that he never asked Mr. Cisneros if he ever received the cash. Balian did not testify at trial. The government's sentencing position includes $40,000 in purported cash payments, which increases the offense level by two levels. Further, the Court, upon the government's request, included the $40,000 in cash payment in the money judgement order. See Order at dkt no. 118.

behavior, the fact that he was not an actual attorney, and that he lied prior to, during, and even after his testimony.

Dated:  September 23, 2022          Respectfully submitted,

/s/ *George G. Mgdesyan*
GEORGE G. MGDESYAN
Attorney for Defendant
FELIX CISNEROS, JR.