UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:21-cr-00051-RGK | Date | October 18, 2022 |
|---|---|---|---|
| Title | *USA v. Felix Cisneros, Jr.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Joseph Remigio | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Felix Cisneros, Jr. | NOT | | | Not Present | | | |

**Proceedings:** (IN CHAMBERS) Order Re: Motion for New Trial [DE 124]

## I. INTRODUCTION

On August 25, 2021, a grand jury returned a 30-count indictment, charging Felix Cisneros, Jr. ("Defendant") with conspiracy, bribery, money laundering, and subscribing to a false tax return. (*See* First Superseding Indictment, ECF No. 34.) The case proceeded to trial on April 26, 2022, and a jury found Defendant guilty on all counts. (Jury Verdict, ECF No. 96.)

Presently before the Court is Defendant's motion for a new trial based on newly discovered evidence. (*See* ECF No. 124.) For the following reasons, the Court **DENIES** Defendant's motion.

## II. FACTUAL BACKGROUND

The First Superseding Indictment alleged that Defendant was a Homeland Security Investigations ("HSI") Agent, who used his position to help an individual engaged in criminal activity ("E.S.") and his associates avoid law enforcement detection in exchange for monthly payments. At trial, E.S. testified about his relationship with Defendant, which included paying Defendant for confidential information from government databases and for helping an inadmissible foreign national fraudulently enter the United States. Defendant cross-examined E.S. about his criminal activity, as well as his April 2020 agreement to plead guilty to bank fraud, making false statements, and bribery.

After trial, on September 12, 2022, E.S. told a government agent for the first time that E.S. paid someone to take the California State Bar Examination in his place. E.S. also discussed the criminal activity of his partners at Pillar Law Group, which E.S. had previously denied knowing. E.S. said that he did not previously disclose this information because "he was concerned that his wife would find out that he did not truly pass the California Bar." (Mot. New Trial, Ex. A at 2, ECF No. 124-1.) On September 14, 2022, the government disclosed this information about E.S. to Defendant.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:21-cr-00051-RGK | Date | October 18, 2022 |
|---|---|---|---|
| Title | USA v. Felix Cisneros, Jr. | | |

### III. DISCUSSION

Defendant argues that this newly discovered evidence warrants a new trial.

Federal Rule of Criminal Procedure ("Rule") 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "To prevail on a Rule 33 motion for a new trial based on newly discovered evidence, a defendant must satisfy a five-part test: '(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.'" *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (quoting *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991)).

Here, the new evidence is merely impeaching. Both the fact that E.S. fraudulently passed the Bar and the fact that E.S. lied to the government about his knowledge of his partners' criminal activity would undermine his credibility but nothing more. These facts are not relevant to any element of any offense charged.

Granted, some impeachment evidence is not "merely impeaching" when it is "so powerful that, if it were to be believed by the trier of fact, it could render the witness' testimony totally incredible." *United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992). "In such a case, if the witness' testimony were uncorroborated and provided the only evidence of an essential element of the government's case, the impeachment evidence would be 'material'" and justify a new trial. *Id.* But that is not the situation here. The jury already knew that E.S. is a criminal who used deception and bribery to accomplish his aims. The new evidence would not reveal anything shocking and is therefore not "so powerful . . . that it could render [E.S.'s] testimony totally incredible." *See Davis*, 960 F.2d at 825. For this same reason, the Court is not persuaded that a new trial "would probably result in acquittal." *See Harrington*, 410 F.3d at 601.

Defendant fails to demonstrate that a new trial is warranted.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED.**

Initials of Preparer _____

jre/k